# Walker *v.* Winn, Jr. Admr. etc.

*Action Upon Promissory Note.*

1. *Insanity; contracts of insane persons absolutely void.*—In this state, a contract of an insane person, whether it be a deed or any other form of contract, and whether written or resting in parol, is absolutely void; and therefore a party contracting with an insane person takes no benefit under such contract, nor acquires any title to property obtained by virtue of such contract.

2. *Insanity; endorsement of promissory note by payee who is insane, void, and confers no right upon endorser.*—The endorsement of a promissory note by the payee therein who is insane, is void and confers no right upon the endorser; and in an action by the endorsee upon a note so endorsed against the maker thereof, the insanity of the payee and endorser at the time of the endorsement and transfer, is a valid defense and can be interposed by the maker.

3. *Action upon promissory note; insanity; admissibility of evidence.* Where in an action upon a promissory note by an endorsee of said note, the defendant files a sworn plea, denying that the plaintiff was the party really interested in the note sued on, evidence that the payee of the note was insane at the time he transferred it, is competent and admissible, and it is error for the court to exclude such evidence.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. A. McDONALD, Special Judge.

The purpose of this suit and the facts in reference thereto are sufficiently stated in the opinion. The special pleas referred to in the opinion are as follows: "4. Now comes the defendant in the above case and for answer to the complaint says: That at the time of the execution of the transfer or endorsement of the note sued on in this case, Z. Bush, the payee in said note was insane and incapable by reason of his mental condition to make a contract and that said transfer or assignment of said note is void and no title passed thereby, and therefore neither the plaintiff or his intestate acquired any title by said transfer or assignment, and that the payee in said note is now and has at all times been the owner of said note and the party really interested in same. "5. Defendant says in answer to the complaint that at the time of the execution of the transfer of said note the said Bush was insane and incapable of making said contract of transfer, and that he has ever since and is now insane, wherefore defendant says said transfer is void. "6. That at the time of the execution as well as at the time of the transfer and endorsement of the note sued on, Zachariah Bush, the payee and transferror, had been legally adjudged insane under proceedings and decree of the probate court of Barbour county, which proceedings and decree were of record in said court at the time of said transfer, and that said decree so adjudging him insane was in force at the time of said execution and transfer. "7. Defendant for answer to the complaint says: that at the time of the execution of the endorsement or transfer of the note sued on in this case, Z. Bush, the payee and transferror of said note was insane, *non compos mentis* and incapable by reason of such insanity of making said contract of assignment, and the amount paid or the consideration paid for said note by plaintiff's intestate was totally inadequate to the value of said note, and said transfer of said note was a fraud on said Bush and void. "8. Defendant says that in the transfer of the note sued on the amount paid or the consideration paid for said note by plaintiff's intestate was grossly inadequate to the value of said note,

36c

and said transfer of said note was a fraud on the payee and transferror and void, said payee and transferror being at the time of said transfer so weak mentally as to have been overreached by the plaintiff's intestate in procuring said transfer."

The grounds of the demurrers to the 4th, 5th, 6th and 7th pleas are sufficiently stated in the opinion. To the 8th plea, the plaintiff demurred upon the ground that if there was fraud practised upon the transferror by the plaintiff's intestate, it is not available to the defendant in this suit, and that said plea fails to show that plaintiff's intestate, or anyone for him, practised any fraud upon the transferror of the note. The demurrers to these several pleas were sustained. Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the general affirmative charge in his favor, to the giving of which charge the defendant duly excepted. Under the opinion on the present appeal it is unnecessary to set out in detail the facts relating to the rulings of the trial court, which constitute the bases of the 8th and 9th assignments of error.

There were verdict and judgment in favor of the plaintiff. The defendant appeals and assigns as error the rulings of the trial court in sustaining the demurrers to the defendant's special pleas, and the rulings of the trial court to which exceptions were reserved.

A. H. MERRILL and W. C. SWANSON, for appellant. The act by an insane person is absolutely void and not merely voidable. The act of the payee in endorsing, and in attempting to transfer the note to the plaintiff's intestate was a nullity—passed no right or title whatever to the paper sued on. The appellant had the right to set up this defense because the transaction by which the appellee procured the note being a nullity, payment to the appellee would not absolve appellant from a subsequent payment to the original payee or his legal representative. The legal proposition that the acts or attempted contracts of a *non compos* are absolutely void, is firmly settled by the following authorities:

*Dougherty v. Powe,* 127 Ala. 577; *Burke, Executor v. Allen,* 29 New Hampshire 106; (which is a well considered case); *Peaslee v. Robins,* 3 Metcf. 164; *Hannah v.*

[Walker v. Winn, Jr., Admr. etc.]

*Sheldon,* 20 Mich. 278; *Trust Co. v. Boone,* (102 Ga. 202), American State Reports, Vol. 66, page 167; Byswell on Insanity, Par. 300, page 307-308.

E. P. THOMAS and G. W. PEACH, *contra.*—While it has been held that the deeds and appointments of attorneys of insane persons are void, it has nevertheless been wisely held that all other contracts of insane persons were merely voidable at the option of the *non compos mentis,* his guardian or personal representative.—Clark on Contracts, pp. 263 and 271. The precise question involved in this case was decided against the defendant in the case of *Carrier v. Sears,* 4 Allen (Mass.) 336.

For other authorities on the proposition that the contracts of insane persons are voidable and not void, see Amer. & Eng. Encyc. Law (2d ed.) Vol. 16, page 629, § 6, and cases cited. No citations to the contrary.—*Allen v. Berry-hill,* 1 Amer. Reports, p. 309, (This is a well considered case). Clarke on Contracts, pp. 263, *et seq.* and 271; 7 Waite's Actions & Defenses, 152; Bishop on Contracts, paragraphs 972 and 973; 2 Kents Commentaries, (7th ed.), 562; Norton on Bills & Notes, page 216; *Jackson v. Gumals,* 2 Cow. 552; *Ingratham v. Baldwin,* 12 Barb. 9, (s. c. 9 N. Y. 45).*Story v. Conger,* 36 N. Y. 673; Story Equity Jur. Sections 751, 771, 772; *Worrell v. Munn,* 38 N. Y. 37; *Williston v. Williston,* 41 Barb. 6; *Kerr v. Purdy,* 50 Barb. 25 and 438; *Freeman v. Freeman,* 51 Barb. 306; *Lobbell v. Lobbell,* 36 N. Y. 327.

DENSON, J.—This is a suit upon a promissory note executed by defendant, David L. Walker, and two other persons, (who are not sued) to Zachariah Bush. The note was transferred by the payee to John E. Crews, who brought this suit. Crews died and the cause was revived in the name of James J. Winn, Jr., as the administrator of his estate.

The defendant filed a sworn plea denying that the plaintiff was the party really interested in the note sued on, and also attempted by other special pleas to defend the suit upon the ground that the payee Bush, at the time he transferred the note to Crews was insane.

Demurrers were interposed to the pleas which set up the defense of insanity. The principal ground of demur-

rer to the pleas, the ones which presented the real question at issue, are, that the contract of assignment of a note by an insane person is not void but voidable, and that insanity is a personal plea and not available to the defendant. The demurrers were sustained.

Whatever may be the rulings by the courts of other jurisdictions upon the question, this court is fully committed to the doctrine, that the contract of an insane person is absolutely void.—*Dougherty v. Powe,* 127 Ala. 577, and authorities there cited; *Wilkinson v. Wilkinson,* 129 Ala. 279; *Galloway v. Hendon,* 131 Ala. 280; *Milligan v. Pollard,* 112 Ala. 465.

We fail to appreciate the distinction attempted to be made by counsel for appellee in their argument, between deeds and other contracts made by an insane person, with reference to the application of the above stated doctrine. That the principle upon which the deed of an insane person is declared void, in the case of *Dougherty v. Powe, supra,* is applicable alike to all contracts of such person, is obvious. It is stated by the court in that case that, "one of the essential elements to the validity of a contract is the concurring assent of two minds. If one of the parties to a contract is insane at the time of its execution, this essential element is wanting. The principle is the same whether the contract rests in parol or be by a deed."

If then the contract of an insane person is void, it would seem to logically follow, that a party contracting with him could not take any benefit under such contract —would get no title to property obtained from such an one.

We have no precedent by our court directly upon the point presented for consideration by the ruling of the court below, and there seems to be conflict in the decisions of courts of other states upon the question.

The case of *Carrier v. Sears,* 4 Allen (Mass.) 336, is cited by appellee in support of the rulings of the court on the demurrers, and it must be conceded that the court's rulings are in full accord with the case. But in Massachusetts, and in the other states, so far as our investigation has revealed, where courts have held that insanity is a personal plea, the ruling has been based upon

the principle that the contracts of an insane person are voidable and not void. The decision of the case cited above from the Massachusetts court is rested expressly upon that principle.

In the case of *Burke v. Allen,* 29 New Hampshire, 106, it was held that the indorsement of a promissory note by the payee, is a contract which an insane person cannot make, because he has not the power to give that consent which the contract requires, and that in an action upon the note by an indorsee against the maker, insanity in the payee and indorser at the time of the indorsement and transfer is a valid defense.

This same view was taken of the question by the Supreme Court of Michigan in the case of *Hannahs v. Sheldon,* 20 Mich. 278. Cooley, J., delivered the opinion of the court.

There is another line of decisions which hold that the contracts of an insane person are only voidable before such a person is adjudicated insane by a court of competent jurisdiction, but that after such adjudication is had, all contracts made by such person are void.—*Bunn v. Postell,* 107 Ga. 490; *Harvey v. Hobson,* 53 Me. 451; *Eaton v. Eaton,* 37 N. J. L. 108; *Aetna Insurance Co. v. Sellers,* 56 N. E. Rep. 97.

Leaving out of view the decisions of the courts in other jurisdictions, this court having held that the contracts of an insane person are void, and it being true that the transfer of a note of necessity, involves the making of a contract, we think it must follow as a logical sequence, that the transfer of a note by an insane person, must be held to be void. Further, as a payment of a note, such as will operate as an acquittance to the payor, must be made to the person who has authority to receive the payment, the payor may impeach the contract of transfer by showing the insanity of the transferror at the time the contract was made.

It follows that the court erred in sustaining the demurrer to pleas numbered 4, 5, 6 and 7, but we are of the opinion, and so hold, that plea 8 was subject to the demurrer made to it and the court did not err in sustaining the demurrer to plea 8.

[Baker v. Cotney.]

Under the sworn plea denying that the plaintiff was the party really interested in the note sued on, evidence that the payee of the note was insane at the time he transferred the note was competent and the court erred in excluding such evidence.

The questions presented by the 8th and 9th assignments of error will probably not arise on another trial and we deem it unnecessary to pass upon them here.

The judgment is reversed and the cause remanded.

Reversed and remanded.

McCLELLAN, C. J., HARALSON and DOWDELL, J.J., concurring.