# Pritchard, *et al. v.* Fowler, *et al.*

## *Ejectment.*

### (Decided April 20, 1911. 55 South. 147.)

1. *Bills of Exceptions; Presentation and Signing; Time.*—The provisions of section 3019, Code 1907, annul all conflicting local laws governing the presentation and signing of bills of exceptions, and hence, that section governs as to bills of exceptions in actions tried in the Mobile Law and Equity Court, and not the practice act prescribed for such court.

2. *Judgment; Conclusiveness; Ejectment.*—The common law rule that a judgment in ejectment was never final, was changed by section 3858, Code 1907. when read in connection with section 4002, Code 1907, and makes two judgments between the parties and their privies conclusive as to matters directly in issue until reversed or set aside.

3. *Same.*—Where an action of forcible entry or unlawful detainer is removed from the justice to the circuit court as authorized by section 4283, Code 1907, it becomes an action of ejectment to try title to land within the meaning of section 3858, Code 1907.

4. *Evidence; Opinion; Sanity; Non Expert.*—A non expert who had known the person claimed to be insane, and had been in quarantine station with him for ten months, and had often seen and talked with him, may give his opinion as to the sanity of such person, under the rule that a non expert may so testify only when he has had long and intimate acquaintance with the person inquired about, as distinguished from a mere casual acquaintance, and occasional conversation and interviews.

5. *Same; Declarations Against Interests.*—Declarations against interest by one of the grantees in a deed, attacked for the grantor's alleged insanity, made after the declarant had parted with his interest in the property, was not admissible.

6. *Witnesses; Cross Examination.*—Where a deed was attacked on account of the insanity of the grantor, it was error not to require one of the grantees to answer on cross examination whether he knew anything about the making of the deed; the adverse party being entitled to show the witness' knowledge of and connection with the transaction.

7. *Deeds; Insanity; Presumption; Burden of Proof.*—As the law presumes every man sane until there is evidence introduced to the contrary, the burden is on the party attacking a deed for incapacity of the grantor, to show such incapacity at the time the deed was made; evidence of prior incapacity is not sufficient to raise a presumption of insanity at a subsequent time in the absence of proof that the insanity was permanent.

[Pritchard, et al. v. Fowler, et al.]

8. *Trial; Reception of Evidence; Rebuttal.*—Where the issue was as to the sanity of a grantor in a deed, and a witness testified that the defendant attempted to induce her to testify that the grantor was crazy, it was error to refuse to permit the defendant to deny such alleged conversation or to explain what she said if the conversation occurred.

9. *Same.*—Where the issue was as to the sanity of the grantor in a deed, and a witness testified that he saw the grantor on certain occasions, and to illustrate the sanity of the grantor stated that the grantor would call the defendant, and knew her, it was competent for the defendant to contradict such evidence in rebuttal.

10. *Charge of Court; Capacity of Grantor.*—An instruction asserting that the burden was on the defendant to show insanity at the very time the instrument purported to have been executed, ignored proof of previous permanent insanity from which the law presumes present incapacity, and hence, was erroneous.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Ejectment by Laura Fowler and another against William H. Powers, in which Irene Pritchard intervened as landlord, and defends. Judgment for plaintiffs, and defendants appeal. The judgment was rendered October 15, 1909, and the bill of exceptions was signed December 27th following. Motion to strike bill of exceptions because not signed within the time. Motion denied, and judgment reversed and remanded.

L. H. & E. W. FAITH, for appellant. Shaw was competent to testify as a non expert as to John Fowler's condition as to sanity.—*Dominic v. Randolph,* 124 Ala. 557. Mrs. Pritchard was improperly denied evidence as to declarations made by Cornelius Fowler, as to how George Fowler held possession.—*Ratcliff v. Ratcliff,* 42 S. E. 131; *Camp v. Dill,* 27 Ala. 553; 17 Atl. 275. Cornelius Fowler should have been required to testify as to her knowledge of the making of the deed.—*Touart v. Rickart,* 50 South. 896. The value of the property before the house was put up by George Fowler was competent to show the great disparity between the consideration paid and the real value of the property.—*Wad-*

*dell v. Lanier,* 62 Ala. 347; *Shipman v. Furniss,* 32 Ala.
565; *Bancroft v. Otis,* 91 Ala. 289; *Walling v. Thomas,*
133 Ala. 426. The court erred in refusing to allow ap-
pellant to offer evidence in contradiction of certain evi-
dence offered by appellee.—10 Enc. of Evi. 654; *Prople
v. Strait,* 47 N. E. 1090. Having removed the former
suit of forcible entry and detainer from the justice to
the circuit court as provided by the statute, it became
a suit for trial of title to land.—Sections 4260-
4286, Code 1907; *Rosebrook v. Baker,* 151 Ala. 180.
A judgment in the justice court in an action of forcible
entry and detainer is conclusive evidence on the ques-
tion of adverse possession in a subsequent action in
ejectment between the same parties.—*Brady v. Huff,*
75 Ala. 80; *Bishop v. Truitt,* 85 Ala. 376; *Murray v.
Hoyle,* 97 Ala. 591. Where a mortgagor assails his
mortgage unsuccessfully in a court of equity, this is
conclusive against him in an action of ejectment by the
mortgagee.—*Strange v. Moog,* 72 Ala. 460; *Collier v.
Alexander,* 142 Ala. 422. On the question of res ad-
judicata see.—*Hall v. Caperton,* 87 Ala. 285; *Harper v.
Campbell,* 102 Ala. 345; *Penny v. B. & A. M. Co.,* 132
Ala. 357; *Warrior Co. v. Ala. Co.,* 154 Ala. 135. Two
judgments in an action of ejectment for the same party
for the same land bars further action, but is limited
strictly to actions in ejectment and not to other actions.
—Sec. 4002, Code 1907; *Jones v. deGraffenried,* 60 Ala.
152; *Ex parte Ray, et al.,* 45 Ala. 18. The charge given
misplaces the burden of proof as to sanity.—*McElroy
v. McElroy,* 5 Ala. 81 *Coleman v. Robinson,* 17 Ala. 84;
*Taylor v. Kelly,* 31 Ala. 72; *O'Donnel v. Rodiger,* 76
Ala. 222; *Cramer v. Weinert,* 81 Ala. 414. There was a
misjoinder of parties plaintiff as the widow had no such
title as would support ejectment. All must recover

[Pritchard, et al. v. Fowler, et al.]

or none can.—*Selleye v. Smith,* 85 Ala. 25; *Oates v. Beckwith,* 112 Ala. 359.

GREGORY L. & H. T. SMITH, for appellee. The bill of exceptions should be stricken because not filed within the time allowed by the practice act creating the court. While the judge made a memoranda showing when the bill was filed with him he has no power to add anything to the bill nor can his memoranda be looked to as part of the record.—*Alford v. Eubanks,* 44 Ala. 276. It must affirmatively appear from the bill itself that it was signed within the time allowed by law.—*Williams v. Ragan,* 155 Ala. 406. Even if the judgment entry can be looked to to determine when the trial is had, and the judgment rendered, then it was not signed within thirty days as required by said act, and the provisions of this act as to signing of bills of exceptions was not repealed by the subsequently adopted provisions of the Code relative to bills of exceptions. Repeals by implication are not favored.—4 Mayf. 858. It is thoroughly well settled that one judgment in ejectment does not operate as a bar to a second action.—*Williams v. Myer,* 117 Ala. 259; *Winston v. Hodges,* 102 Ala. 308. Certainly, an action of forcible entry and detainer removed to the circuit court under the statute can have no greater effect than an action in ejectment. There is no basis for a distinction between the two.—*Cooley v. U. S. S. & L. Co.,* 144 Ala. 540. An action of this character must either be given that construction or when we consider together sections 3858 and 4285, Code 1907, bring into effect the common law-rule that no number of judgments in ejectment would constitute res adjudicata. One judgment in ejectment does not become admissible in ejectment in the second action in ejectment.—*Campbell v. Forrest.* 13 Ala. 117; *Hawes v. Buck,* 94 Ala. 167.

The case of *Coulson v. Scott,* 52 South. 476, merely speaks of the probative effect of such judgment when offered in evidence without objection. Another objection to the offering of this evidence was that it was offered as a whole and several portions thereof were not admissible.—*Warren v. Wagner,* 75 Ala. 188; *Kirby v. The State,* 89 Ala. 63; *Murphy v. The State,* 108 Ala. 10. Counsel discuss other questions arising upon the evidence offered as res judicata, but without further citation of authority. There was no error in declining to permit Mrs. Fowler to say whether George Fowler ever told her how he held the old home. George Fowler was dead, and this related directly to his estate.—*Wisdom v. Reeves,* 110 Ala. 418; *Hillins v. Brinsfield,* 108 Ala. 615. Declarations of one in possession are admissible in evidence only when made before the vendor parts with his title.—*Mahone v. Williams,* 39 Ala. 213; *N. Y. & H. C. Co. v. Bernheimer,* 81 Ala. 139; *Anniston L. Co. v. Edmundson,* 127 Ala. 445; *Adair v. Craig,* 135 Ala. 332. And in order to be admissible such declarations must be in disparagement of title.—Authorities supra, and cases therein cited. In any event the plaintiffs were entitled to recover the whole property if the conveyance from John Fowler was valid, for one tenant in common may recover the whole property as against a third person.—*Dorlan v. Westcovitch,* 140 Ala. 283; *Lecroix v. Malone,* 157 Ala. 434. On these authorities, it is insisted that the other assignments of error relative to evidence were not well taen. As to the question of evidence of insanity by a non expert witness, see *Morgan v. The State,* 88 Ala. 223; *Sharp v. Hall,* 86 Ala. 110; *Winslow v. The State,* 92 Ala. 79; *McIntyre v. White,* 124 Ala. 177. Shore's testimony was, therefore, competent. The charge was manifestly correct.—*Barnwell v. Murray,* 108 Ala. 379.

[Pritchard, et al. v. Fowler, et al.]

ANDERSON, J.—The bill of exceptions was presented and signed within the time prescribed by section 3019 of the Code of 1907, which said section, and not the practice act of the city court on the subject of signing bills of exceptions, is in force.—*City of Montgomery v. Wyche,* 169 Ala. 181, 53 South. 786. The motion to strike the bill of exceptions is overruled.

A judgment in ejectment was never final at common law. Either party failing might bring a new action, and the former judgment was not a bar to the last suit. This rule has been changed by the statute in this state to the extent that two judgments in favor of defendant between the same parties in which the same title is put in issue is a bar to any action for the recovery of the land, or any part thereof between the same parties or their privies, founded on the same title. Section 3858 of the Code of 1907; *Williamson v. Mayer Bros.,* 117 Ala. 253, 23 South. 3. Section 4002 of the Code of 1907 makes judgments between parties and privies conclusive, as to the matter directly in issue, until reversed or set aside. This section appears in the Code with section 3858, and the two should be so construed as to give each of them a field of operation if it be practicable and reasonable to do so. Section 3858 deals specially with judgments in ejectment, and section 4002 declares the effect of judgments generally, and should therefore be construed as dealing with all judgments not specially provided for in said Code. "Generalibus specialia dero gant."—*City of Montgomery v. Wyche,* 169 Ala. 181, 53 South. 786.

It is insisted by appellants' counsel that the former judgment which is sought to be used as a bar to the present action was not a judgment in ejectment, and that it was conclusive on the parties as to the issue involved in said former trial. The former action was

brought under the statute for a forcible entry or unlaw-
ful detainer, and was removed to the circuit court un-
der the terms of section 4283 of the Code of 1907. It
thereby became an action of ejectment to try title to the
land, and was triable in all respects as an action of
ejectment, except the plaintiff does not have to litigate
over the title, when it appears that the defendant or
those under whom he claims entered on said lands un-
der some contract or agreement between plaintiff, or
those under whom he claimed, or by use of force. When,
however, the title is considered, the proceedings, plead-
ings, etc., are the same as in ejectment.—Section 4285.
This court has heretofore treated this action after re-
moval to the circuit court as a statutory action of eject-
ment. In the case of *Mallon v. Moog*, 121 Ala. 305, 25
South. 584, the court, speaking through DOWDELL, J.,
said: "The effect of the act in question is in certain
cases of forcible entry and unlawful detainer where the
possession of the defendant is not acquired by virtue of
any contract or agreement with the plaintiff, or by
force, to convert the proceedings into a statutory action
of ejectment." And in the case of *Cooley v. U. S. Sav-
ing Co.*, 144 Ala. 5358, 39 South. 515, this court treated
the proceedings, after removal to the circuit court, as a
statutory action of ejectment. We therefore hold that
a judgment upon the title in this proceeding has the
same force and effect and is in fact a judgment in eject-
ment, and there is nothing in the statute to make it con-
clusive or more effectual than the ordinary judgment
in ejectment was prior to the enactment thereof. The
only relevancy of the judgment and proceedings in the
former case was to show res judicata, and, as said judg-
ment was not available as such in a second action, the
trial court did not err in excluding same. Whether or
not the judgment and proceedings were admissible as

evidential facts for any purpose upon the second trial we need not decide, for there was but one issue in the case, the sanity vel non of the grantor to a certain deed, except the defendant's suggestion of adverse possession, and whether the former judgment could or could not have any bearing on the question of adverse possession for three years matters not, as the suggestion was not controverted and the issue was found in favor of the appellants.

Where the question of insanity is a fact in issue, a nonexpert witness may give his opinion that a person is sane or insane only when it is shown that he has had long and intimate acquaintance in contradistinction to a casual acquaintance and occasional conversations and interviews with the person.—*Dominick v. Randolph,* 124 Ala. 557, 27 South. 481; *Burney v. Torrey,* 100 Ala. 172, 14 South. 685, 46 Am. St. Rep. 33. The witness Shaw testified that he knew John P. Fowler in 1892, that he was at the quarantine station with him for 10 months, would see him every day, and talked to him very often (not casually or occasionally). There was no error in permitting this witness to testify as to the mental condition of said John P. Fowler.

The vital question in this case was the sanity of John P. Fowler when he made the deed of December 26, 1888, to George and Cornelius Fowler. Cornelius Fowler, one of the grantees to the deed, had testified as a witness for the plaintiff, and upon cross-examination did not remember whether John Fowler was or was not conscious on December 26, 1888, the date of the deed. He was a grantee in the deed which recited the expenditure of money by the grantees for the benfit of the grantor and love and affection as the consideration, and he, within a few months thereafter, conveyed his half interest to George Fowler for a nominal consideration. The

witness being a party to the deed attacked, if he knew nothing of the making of same, and yet was named as a grantee, this would be a circumstance bearing upon conditions existing when the deed was executed, and would be a proper circumstance for the jury in determining the sanity of the grantor when the deed was executed. On the other hand, if he knew anything about the making of the deed, being a party to same, the defendants were entitled, on cross-examination, to know the circumstances and conditions of the making of said deed. The trial court therefore erred in not letting this defendant ask on cross-examination of Cornelius Fowler: "Did you know anything about the making of that deed?" Witness did say that he had no conversation with John about making the deed to him, but he may have known of the deed and why it was made to him through George, the other party to same, and the defendants were entitled to have the jury informed, by this witness, of his knowledge of, and connection with, the transaction.

While the declarations of George Fowler and of Cornelius Fowler in disparagement of their title might be admissible against them or those holding under them, yet what Cornelius may have said as to how George acquired possession of the land could not be admissible if made after Cornelius conveyed his interest in the land to George.—*Mahone v. Williams,* 39 Ala. 213. The question does not show whether the statement sought was made by Cornelius before or after he conveyed his interest in the land; and the trial court will not be put in error for sustaining the plaintiff's objection to same.

It may be that the value of the property at or near the time the deed in question was made would be a factor in determining the capacity of the grantor at the time the deed was made, but the witness Norris disclosed lit-

tle or no knowledge of the property in 1888, and did not know the year the house was put on it, and it is difficult to see how he could have fixed the value of the land before the house was put on it.

The witness Mrs. Pilgrim, among other things, testified that Mrs. Pritchard, the defendant, attempted to induce her to testify that her father was crazy. This evidence, unexplained or uncontradicted, was calculated to be of prejudice to this defendant, and the trial court erred in not letting Mrs. Pritchard deny the conversation or explain what she said if they had one. Moreover, Mrs. Pritchard had testified as a witness and the testimony of Mrs. Pilgrim affected her credibility. It was strictly in rebuttal to matter injected into the issue by the plaintiff's witness.

Mrs. Martin also testified to seeing John Fowler upon a visit to Ft. Morgan, while Mrs. Pritchard was there, and to illustrate his sanity said "that he could call Mrs. Pritchard and knew her." The trial court erred in not letting Mrs. Pritchard contradict this evidence, and the action in denying her this right cannot be justified upon the theory that it was not in rebuttal.

All of the oral charge is not set out, and, while an incapacity to make a deed is not confined to actual insanity as distinguished from non compos mentis, the word "insane," by section 1 of the Code, is made to include all persons of unsound mind, and we must assume that the court instructed the jury as to what would constitute mental incapacity to make a valid deed.

The law presumes that every man is sane until there is evidence to the contrary.—*Barnewall v. Murrell,* 108 Ala. 379, 18 South. 831. The burden of proof is upon the party attacking a conveyance to show the incapacity of the grantor at the time it is made, and insanity prior to that time does not raise the presumption of in-

sanity at a subsequent time, unless it is shown that the insanity is permanent in its nature.—*Johnson v. Armstrong,* 97 Ala. 751, 12 South. 72; *Murphrce v. Senn* 107 Ala. 424, 18 South. 264. Therefore, proof of insanity at intervals or of a temporary character would create no presumption that it continued up to the execution of the instrument, and the burden would be upon the attacking party to show insanity at the very time of the transaction. On the other hand, when mental incapacity is once established and is shown to be permanent in its nature, the law presumes that it continues, and the party claiming insanity meets the burden when once establishing permanent insanity. If the insanity is not questioned, but the act involved is claimed to be during a lucid interval, the burden of proof would be upon the party suggesting the lucid interval.—*O'Donnell v. Rodiger,* 76 Ala. 222, 52 Am. Rep. 322.

The oral charge was correct in the abstract, but, after correctly stating the rule, the court charged that the burden was on the "defendant. to show insanity at the very time the instrument purports to have been executed." This much of the charge, in effect, ignores any proof of previous permanent insanity, and assumes there was none, and puts the burden on the defendants to show mental incapacity on the very day the deed was made; when this they did not have to do if they established prior insanity of a permanent nature. In other words, this much of the charge ignored the proof of prior permanent insanity, and, in effect, put the burden upon the defendants of showing insanity the day the deed was made notwithstanding there was proof of prior insanity of a permanent nature, and which, if true, relieved the defendants of proving the mental condition of the grantor at the very time the deed was executed.

[Pritchard, et al. v. Fowler, et al.]

The next and last insistence is that the defendants were entitled to the general charge because of a misjoinder of plaintiffs. The record is not very clear or satisfactory as to the interest of the plaintiffs respectively, and, as this case must be reversed, we need not decide this question as the joint interest can be shown more clearly on the next trial, if any there is, and if there is no joint interest and only one of the plaintiffs is the owner of the land and entitled to the immediate possession of same, in the event of course, the deed in question is a valid one, the complaint can be amended to meet the facts.

The judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.

SIMPSON, SAYRE, and SOMERVILLE, JJ., concur.