# Thomas, et al. v. Holden.

### Bill to Cancel Deed.

(Decided February 11, 1915. 67 South. 992.)

*Cancellation of Instrument; Insane Person; Bill.*—Under section 3347, Code 1907, a bill to set aside a mortgage and deed executed by an insane person was demurrable where it failed to allege a lack of good faith on the part of the purchaser, the absence of a valuable consideration, or that the purchaser had notice of the grantor's insanity, and failed to offer to do equity or to pay the purchase price or to reconvey the land.

Appeal from DeKalb Chancery Court.

Heard before Hon. W. H. Simpson.

Bill by Janie Thomas and others, against J. C. Holden, to cancel a deed and mortgage, because executed by an insane person. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

J. N. Quinones, for appellant.

Davis & Baker, for appellee.

THOMAS, J.—The appellants, the children of J. W. Thomas and Janie Thomas, and J. W. Thomas suing by his next friend Janie Thomas, filed a bill in the

chancery court, seeking to cancel a mortgage and the notes secured thereby, of date October 4, 1910, and a deed of date February 14, 1911, executed by J. W. Thomas and his wife, Janie Thomas, conveying to appellee, J. C. Holden, the lands described therein. The second paragraph alleges: "That at and before the time of making said mortgage and the said deed (Exhibits A and B), said J. W. Thomas was insane and did not have sufficient mind to understand the business he was engaged in when executing said papers, and that since the execution of said papers he has been adjudged insane and is now confined in the insane asylum of this state at Tuscaloosa, Ala."

Several grounds of demurrer were interposed in the court below. The decree of the chancellor held that the third, fourth, fifth, sixth, and seventh grounds were well taken, and which ruling is assigned as error. The grounds of demurrer held to be good are as follows:

(3) The bill fails to allege a lack of good faith on the part of the respondent in the transaction set up. (4) The bill fails to allege the absence of a valuable consideration for the conveyance sought to be canceled. (5) The bill fails to allege that the respondent had notice of the alleged insanity of the complainant, J. W. Thomas, at the time of the transaction. (6) There is no offer to do equity on the part of the complainants. (7) The complainants pray that the purchase-money notes and the mortgage be canceled, but do not offer to pay the purchase price nor to reconvey the land to the respondent.

An act approved March 2, 1901 (Local Laws 1900-01, p. 1943), "To better protect bona fide purchasers of real estate from insane persons, without notice of such insanity," incorporated in the Code of 1907 as sections 3347 and 3348, is as follows: (3347) "Conveyance by

[Thomas, et al. v. Holden.]

an Insane Person; Effect of.—Whenever any person shall in good faith, and for a valuable consideration, purchase real estate from an insane person without notice of such insanity, such contract and conveyance shall not be void, but such insane person may recover from the vendee or those claiming under him, the difference between the market value of such real estate at the time of the sale and the price paid therefor, with interest thereon, and shall have a lien on such real estate to secure the same, and the purchasers from such vendee, without notice of the insanity of the original vendor, shall be protected in like manner and have the benefits of this section."

(3348) "Contracts of Insane Persons Void.—Except as provided in the preceding section, all contracts of an insane person are void, but he and his estate shall be liable for necessaries furnished him which may be recovered upon the same proof and upon the same conditions as if furnished to an infant."

The notes and mortgage securing the same, together with the deed sought to be canceled, were executed after the passage of this act, and are governed by its terms.—*Mitchell v. Baldwin*, 154 Ala. 346, 45 South. 715; Code 1907, §§ 3347, 3348. It will be noted that the cases of *Mitchell v. Baldwin, supra, Galloway, Trustee, v. Hendon*, 131 Ala. 820, 31 South. 603, *Wilkinson v. Wilkinson*, 129 Ala. 279, 30 South. 578, and *Dougherty v. Powe*, 127 Ala. 577, 30 South. 524, were dealing with conveyances made before the passage of the act of March, 1901, or its incorporation in the Code of 1907.

In *Walker v. Winn*, 142 Ala. 560, 39 South. 12, 110 Am. St. Rep. 50, 4 Ann. Cas. 537, the indorsement of a promissory note by the payee, who was insane, was held to confer no right to the indorsee. It will be observed that the question of a purchase from, or of a

conveyance by, an insane person of real estate, with a construction of sections 3347 and 3348 of the Code, was not before the court. The record shows that the note was made and indorsed before the statute of March 2, 1901, was approved. The expression in the opinion in *Walker v. Winn, supra,* "Whatever may be the rulings by the courts of other jurisdictions upon the question, this court is fully committed to the doctrine that the contract of an insane person is absolutely void," did not apply to a purchase of real estate in good faith and for a valuable consideration from an insane person without notice of such insanity.

The case of *Seaver v. Phelps,* 11 Pick. (Mass.) 304, 22 Am. Dec. 372, cited by appellant's counsel, was in trover for a promissory note pledged to the defendant by the plaintiff when he was insane. There was no statute in Massachusetts like the Alabama statute.

In *Head v. Lane,* 186 Ala. 335, 65 South. 343, it was held that where the life tenant with absolute power of disposition, with remainder over, sold the property when insane, such conveyance, under the Code of 1907 (section 3348), was a nullity, and that after his death a court of chancery would give the remaindermen relief against such a conveyance. The life tenant had the absolute power of disposition, a valid execution of which would defeat the estate of the remaindermen. Because of the disability of insanity, it was held that there could be no valid exercise of this power of disposition.

The decree of the chancellor was in accordance with the views here expressed, and it is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.