(75 South. 150)

HALE v. HALE et al. (7 Div. 853.)

Supreme Court of Alabama. Feb. 1, 1917.
Rehearing Denied May 17, 1917.)

1. CANCELLATION OF INSTRUMENTS ⊜37(7)—
SUFFICIENCY OF BILL—KNOWLEDGE OF INSANITY.

Under Code 1907, § 3347, providing that when any person shall, in good faith and for a valuable consideration, purchase real estate from an insane person without notice of his insanity, the conveyance is not void, but that the insane person may recover the difference between the market value of the land and the price paid, and section 3348, providing that except as provided in the preceding section, contracts of insane persons are void, a bill seeking cancellation of an insane person's conveyance was insufficient, where it did not allege the grantee's knowledge of the grantor's insanity at the time of the conveyance.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 68, 75, 76.]

2. EQUITY ⊜388—SUBMISSION FOR HEARING
—DISMISSAL OF BILL.

Where after repeated amendments of a bill, submission was had for final decree on defendants' answers and on their demurrer incorporated therein, as permitted by Code 1907, § 3128, in the case of answers to bills amended after answer, there was no error in dismissing the bill without prejudice for failure of a necessary averment.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 827–829.]

3. EQUITY ⊜388—SUBMISSION FOR HEARING—DISMISSAL.

Under Laws 1915, p. 135, providing that the chancery court shall always be open for the transaction of business except that the court shall not have power to open or set aside any final decree after 30 days from its rendition, where submission was had by agreement of counsel for final decree, there was no error in rendering a decree of dismissal on holding the bill insufficient.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 827–829.]

Appeal from Chancery Court, Cherokee County; W. W. Whiteside, Chancellor.

Suit by W. J. Hale, pro ami, against A. L Hale and others. From a decree dismissing the bill, complainant appeals. Affirmed.

Motley & Motley and W. H. Standifer, all of Gadsden, for appellant. Hugh Reed and R. F. Conner, both of Center, for appellees.

THOMAS, J. The bill in this cause seeks the cancellation of several conveyances, on the ground of the insanity of the grantor at the time the conveyances were executed. The bill was amended several times. As last amended (the form of the bill on which the trial was had) it does not purport to be aided by any former bill or amendment. A material averment of fact, as to the execution of the conveyances cancellation of which is sought, is:

"That on said day [January 20th, 1915] the said W. J. Hale executed a warranty deed to the above-described lands to A. L. Hale, a copy of which deed is attached to the original bill filed in this case and marked 'Exhibit A,' and which is prayed to be taken as a part of this amended bill with usual leave of reference. That your orator, W. J. Hale, was at the time of the execution of said warranty deed a person of unsound mind, or non compos mentis, and was not capable or competent to execute said deed on account of insanity; and that your orator, W. J. Hale, is now of unsound mind. That on the 14th day of April, 1915, the said A. L. Hale and wife executed their trust deed to W. M. Chambers, to secure $200 due to Russell Mackey, a copy of which deed of trust is attached to the original bill heretofore filed in this case marked 'Exhibit B,' and which is prayed to be taken as a part of this amended bill with the usual leave of reference. That the said Russell Mackey, at the time he took said deed of trust, knew of your orator's mental condition, and knew that your orator was not mentally capable to execute said deed to A. L. Hale at the time the same was executed, on account of the insanity of your orator, W. J. Hale."

It is further averred in the amended bill that orator submits himself to do, perform, or pay any amount he should or ought to pay to either said A. L. Hale or Russell Mackey, or both, or to W. M. Chambers, etc. The said A. L. Hale, Russell Mackey, and W. M. Chambers are made parties defendant to the bill. Answering, the said respondents denied that complainant was of unsound mind, denied that he was not competent to execute said deed on account of insanity, and denied that when the deed of trust was made by Hale to W. M. Chambers, to secure the $200 due to Russell Mackey, the said Mackey knew of the mental condition of W. J. Hale, and knew that he was not mentally capable of executing said deed to A. L. Hale by reason of his insanity. With this answer was incorporated a demurrer challenging the sufficiency of the averments of the bill as amended, for that it: (1) Failed "to allege a lack of good faith on the part of either of the respondents in the transaction" in question; and (2) failed "to allege the absence of a valuable consideration for the deed sought to be canceled." Submission for final decree

was had by respondents, among other things, on their answers, and "upon their demurrers incorporated in their said answers to the bill as last amended," etc. On final decree the chancellor held that:

"The bill as last amended does not negative the fact that said deed and mortgage are supported by valuable consideration, neither does it allege that A. L. Hale had any notice or knowledge that W. J. Hale was insane at the time said deed was executed. It seems that prior to the act of the Legislature which now appears as sections 3347 and 3348 of the Code, the question of the restoration of a valuable consideration for a deed made by an insane person could not be raised by a demurrer, but was a defense that must be set up in the answer. Mitchell v. Baldwin, 154 Ala. 346, 45 South. 715. The deed and mortgage in this case were executed in 1915, and are subject to the provisions of said sections 3347 and 3348 of the Code. In a case which arose since said sections became the law, and which seems to be identical with the case made by this bill as last amended, the bill was held demurrable. Thomas v. Holden, 191 Ala. 142, 67 South. 992. By this final decree the cause was dismissed without prejudice to the rights of W. J. Hale to maintain other suits at law or in equity for the enforcement of his claims growing out of the transactions involved in this suit, provided the costs of this suit are first paid."

[1] The amended bill does not allege that A. L. Hale had notice or knowledge that W. J. Hale was insane at the time of his attempted conveyance, of which instrument cancellation is sought. This averment is necessary. It is provided by statute (section 3347 of the Code) that whenever any person shall in good faith and for a valuable consideration purchase real estate from an insane person without notice of his insanity, he shall be liable to such insane grantor for only "the difference between the market value of such real estate at the time of the sale and the price paid therefor, with interest thereon." If, however, the grantee has not purchased "in good faith and for a valuable consideration," and "without notice of such insanity" of the grantor at the time of the purchase of his real property, then such conveyance is void (Code, § 3348), and such purchaser has not the protection of the provisions of section 3347 of the Code.

[2] The chancellor committed no error in dismissing the bill without prejudice for this failure of necessary averment. The submission was had on the demurrer incorporated in the answer. Code, § 3128. The chancellor had patiently allowed repeated amendments of the bill, on the trial, and without penalty.

[3] Nor was there any error in rendering the decree of dismissal, on the submission had by agreement of counsel for final decree. By the act of March 17, 1915, the chancery court is declared always open for the transaction of any business therein, with the limitation only that "the court shall not have the power to open, or set aside any final decree after the lapse of thirty days from the date of its rendition." Gen. Acts, 1915, p. 135.

There were many objections to testimony. It may be well that we call attention to the rule declared in Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 South. 902, and Bates v. Oden, 198 Ala. 569, 73 South. 921, as to how proof of insanity by a nonexpert witness may be made.

The decree of the chancery court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.