(87 South. 94)

**JOHNSTON et al. v. FONDREN et al.**
**(2 Div. 718.)**

(Supreme Court of Alabama. Oct. 21, 1920. Rehearing Denied Nov. 18, 1920.)

1. **Appeal and error ⬱931(1)—No presumption favoring finding in equity based on deposition.**

Under Code 1907, § 5955, providing that in deciding appeals from the chancery court no weight shall be given the chancellor on the facts, the review of issues of mental incapacity of the grantor, and of undue influence, evidence as to which was taken by deposition, not on examination before the trial court, is de novo in the Supreme Court without the aid of any presumption.

2. **Deeds ⬱196(1)—Grantor presumed to be sane.**

In a suit to cancel a deed for mental incapacity, there is a presumption that the grantor was sane and the deed was valid, and the burden is on the party attacking the deed to show that grantor was mentally incapable of making the conveyance.

3. **Witnesses ⬱198(2)—Statements to attorney held privileged.**

In a suit to cancel a deed for incapacity and undue influence, statements by the grantee soon after the execution of the deed to an attorney are incompetent as privileged communications between an attorney and client.

4. **Deeds ⬱196(1)—Plaintiff seeking cancellation must prove execution at time of periodic insanity.**

In a suit to cancel a deed for mental incapacity, where the proof justified the finding that the grantor was periodically incapable of executing the deed, but was not permanently insane, the burden was on complainants to show mental incapacity at the time of the execution of the deed.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Suit by Lucinda Fondren and others against Margaret Emma Johnston and others to cancel certain deeds, for an accounting, and for the sale of land for division. From a decree granting the relief prayed, respondents appeal. Reversed and remanded, with directions to dismiss the bill.

Jerome T. Fuller and J. T. Ellison, both of Centerville, and W. H. Wright, of West Blocton, for appellants:

The bill was not sufficient in allegation as a bill for division. 9 South. 524. The burden is on the party alleging insanity to prove it, and, where incapacity is alleged, it must be shown as of the time of the execution of the paper. 28 Ala. 565; 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33. This has not been done. 135 Ala. 332, 33 South. 902; 28 Ala. 100; 87 Ala. 685, 6 South. 95, 4 L. R. A. 637. The conversation with Lavender was privileged. 10 Enc. of Ev. 205 and 334. Counsel discuss other assignments of error; but, in view of the opinion, it is not deemed necessary to here set them out.

Edward De Graffenried, W. J. Monette, and S. A. Moore, all of Tuscaloosa, for appellees.

Counsel confine their discussion to the propositions that certain things are not in the record, and that on the record an affirm-

---

⬱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ance must follow. They also discuss whether or not certain of the parties respondent can inherit; but, in view of the opinion, it is not deemed necessary to here set them out.

McCLELLAN, J. The appellees filed this bill against appellant and others. It was designed to cancel a deed purporting to have been executed on November 2, 1917, by J. P. Fondren, since deceased, by his mark, to his sister, Margaret Emma Johnston, one of the appellants, the cancellation of deeds subsequently executed by Mrs. Johnston to coappellants, conveying separately the lands described in the Fondren deed and the standing timber thereon whereupon a sale of the land for division among the joint owners thereof and an accounting by those who appropriated the timber after its conveyance by Mrs. Johnston are prayed. It is averred that at the time J. P. Fondren undertook to execute the deed to his sister, Mrs. Johnston, he was mentally incapable of effectually executing the conveyance; but, if he was found capable of executing a valid conveyance at that time, the effort to effect this conveyance was abortive because of undue influence exerted upon Fondren by Mrs. Johnston and Jesse and Willa Wright, or either, to the end that they might secure to themselves, or either of them, the land and timber owned by J. P. Fondren. Fondren had never been married. He was miserly in character and habit. He was penurious to an extreme degree. Up to a short time before his death in late November, 1917, he held to the notion that he must keep his land and timber, his own pressing necessities not being sufficient to change his purpose in this regard. He denied himself the necessities of life. He lived, at least during the last months of his life, in the utmost squalor. He had few associates. He lived alone. He was a silent man, not given to much speaking. His kindred rarely, if ever, visited him or he them. Disease, probably tuberculosis, so weakened him that for some weeks before his death he was very feeble, hardly able to raise himself in bed. Before this his enfeebled condition made it difficult for him to walk or stand. As his weakness progressed, he seemed to have become more silent. About the first part of November, 1917, or the latter days of October, his condition became known to people in the neighborhood where he lived. His sister, Mrs. Johnston, was sent for or brought to his dwelling to serve him; and Jesse Wright and his wife—the former an illegitimate son of another of Fondren's sisters—came there and, along with Mrs. Johnston, nursed him until his death some three weeks later. These alone of his relatives gave him the necessary personal attention, though another relation testified that he went to see Fondren and offered money or assistance or both; but those in charge did not avail of the offer.

[1] The testimony upon the issues of the 204 ALA.—42

mental incapacity of J. P. Fondren and of undue influence, in respect of the deed to Mrs. Johnston, was taken by deposition, not on examination before the trial court. The review on those issues is therefore de novo in this court, without the aid or effect of any presumption in respect of the trial court's conclusions in the premises. Code, § 5955, subd. 1; Claflin v. Muscogee Mfg. Co., 127 Ala. 376, 383, 384, 30 South. 555; Freeman v. Blount, 172 Ala. 655, 659, 660, 55 South. 293.

[2] The whole legal evidence bearing upon the issue of the then state of Fondren's mental capacity has been carefully examined. The burden to show that he was mentally incapable of consummating the conveyance was, of course, upon the complainants (appellees), the presumption being that he was sane, mentally capable, and that the instrument was valid. Harrison v. Harrison, 126 Ala. 323, 28 South. 586; Pritchard v. Fowler, 171 Ala. 662, 671, 672, 55 South. 147; Freeman v. Blount, supra; 4 Mich. Dig. Ala. Rep. p. 792 et seq. Our judgment is that a discriminative consideration of the whole evidence, conflicting in almost every particular on this issue, does not justify the conclusion that Fondren was mentally incapacitated to effectually execute the deed to Mrs. Johnston at the time he did so.

[3] The testimony of a prominent attorney at the Bibb county bar, relating to statements recited by him as being made by Mrs. Johnston soon after the date of the deed from Fondren to her, were subject to exclusion, and must be excluded as privileged communications between attorney and client, this point being taken in objections to such matters. It will serve no necessary or useful purpose to enter upon a discussion of the evidence, from a thorough consideration of which the stated conclusion is deduced. It may be remarked, however, that the evidence as a whole does not warrant a conclusion that Fondren was permanently insane at any time.

[4] If it should be assumed, for the occasion only, that he was flighty or comatose at times, this state of periodic incapacity did not, according to the distinct weight of the credible evidence, exist at the time he made the deed to his sister. The proof not justifying a finding that "insanity, * * * permanent in its nature," afflicted Fondren, the burden was on the complainants (appellees) to show that mental incapacity "at the very time of the transaction." Pritchard v. Fowler, 171 Ala. 662, 671, 672, 55 South. 147, 149, among others.

A careful review of the entire legal evidence bearing upon the issue of undue influence leads to the further conclusion that the deed from Fondren to his sister, Mrs. Johnston, was not the result or product of undue influence or fraud exerted upon him by any one. There is evidence tending to

invite an affirmance of this claim of complainants, as there is upon the issue of mental incapacity; but from a consideration of the whole evidence it cannot be satisfactorily affirmed that Fondren's act in executing the deed to Mrs. Johnston was the product or result of any undue influence. This deed being valid, the basis of the decree below is removed. The decree is reversed. The cause is remanded, with directions to dismiss the bill.

Reversed and remanded, with directions.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.