(96 South. 435)

**HUGHES v. DEMPSEY et. al. (8 Div. 472.)**

(Supreme Court of Alabama. May 3, 1923.)

**1. Insane persons ⚖➡61—Mortgage stands as security for amount received by insane mortgagor.**

In view of Code 1907, § 3347, which applies to mortgages as well as deeds, a mortgage executed by an insane person is not void, but stands as valid security for the true amount received by the insane mortgagor on the faith of it.

**2. Insane persons ⚖➡2 — Burden on insane plaintiff to prove his insanity.**

Under Code 1907, § 3347, declaring that purchases of real estate from insane persons shall not be void, but conferring validity on titles derived from insane persons, and giving a lien to the extent of the difference between the price received and the market value, which section applies to mortgages, also, in a proceeding for relief against a mortgage, the burden of proof is on plaintiff to prove his insanity, or that defendants had knowledge or notice thereof.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Bill by Grady Hughes, by his next friend, John Hughes, against John Dempsey and Sid Berry. From a decree denying relief, complainant appeals. Affirmed.

William L. Chenault, of Russellville, for appellant.

A deed executed by a person non compos mentis is absolutely void. It passes no title, though the person had no notice of insanity. Dougherty v. Powe, 127 Ala. 577, 30 South. 524; Galloway v. Hendon, 131 Ala. 280, 31 South. 603; Walker v. Winn, 142 Ala. 560, 39 South. 12, 110 Am. St. Rep. 50, 4 Ann. Cas. 537; Pike v. Pike, 104 Ala. 642, 16 South. 689.

Travis Williams, of Russellville, for appellees.

Counsel argues the facts of the case, but cites no authorities.

SAYRE, J. [1] In favor of bona fide purchasers for value, section 3347 of the Code of 1907 very plainly declares that purchases of real estate from insane persons shall not be void, and then declares the extent and effect of the change thereby wrought in the rule of nullity which prevailed in such cases at the common law as interpreted in this state. Dougherty v. Powe, 127 Ala. 577, 30 South. 524. The effect of the section is, in favor of bona fide purchasers for value and their vendees without notice, to confer validity upon titles derived from insane persons, and to give to such persons a lien to the extent of the difference between the price received and the market value of the real estate, so that, if the insane grantor achieves

---

the market value for his land, the transaction stands as if it had been negotiated between competent persons. This is the whole effect of the statute, as, substantially, was held in Hale v. Hale, 201 Ala. 28, 75 South. 150. And it has been held in several cases that it applies to mortgages as well as deeds. No other meaning can be assigned to the statute, as applied to mortgages, than that the mortgage transaction shall not be void, but the mortgage shall stand as a valid security for the true amount received by the insane mortgagor on the faith of it. This construction of the statute, by which its remedial benefits are conferred upon bona fide mortgagees, does no violence to its language, works justly, and we see no exigent reason why it should not be accepted.

[2] On a bill framed under the statute, with proof of insanity, complainant, proceeding by his next friend, might have had relief against the mortgage of which he complains to the extent the debt thereby secured exceeded the market value of the land he bought; but he did not file his bill with that view. His contention is that the mortgagee, and the assignee of the mortgage and the debt thereby secured, had knowledge or notice of his mental disability, and therefore he prays that the mortgage executed by him be declared absolutely void. On proof of these averments the mortgage would have been declared a nullity, and, since complainant received no money, but a deed to land, the purchase price of which his mortgage purported to secure, the decree would have proceeded to re-establish the status quo ante. But complainant has failed to sustain the burden of proof placed upon him by law; that is, he has failed to prove his insanity, or, if by stretch of consideration for his weakness his success in that matter be conceded, still, very clearly, he has failed to prove that defendant mortgagee or his assignee had knowledge or notice of his insanity. We so held in a recent case upon identical evidence. Hughes v. Bullen, ante, p. 134, 95 South. 379.

The chancellor's decree dismissing the bill must therefore be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.