(134 So. 873)

### McDANIEL v. MELLEN et al.

### 2 Div. 975.

Supreme Court of Alabama.

May 21, 1931.

Rehearing Denied June 11, 1931.

James A. Mitchell, of Livingston, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellees.

Henry Upson Sims, of Birmingham, and D. M. Boswell, of York, for appellant.

GARDNER, J.

Complainant seeks to establish an interest in the real estate here involved as an heir of her mother, Maggie A. McDaniel, who owned the property and whose death occurred in 1914. To this end the amended bill seeks the cancellation of two mortgages held by defendant Henry L. Mellen, and which were duly foreclosed more than two years before the filing of this suit. One of these mortgages was executed by Maggie A. McDaniel and her husband, W. G. McDaniel, to George F. Mel-

len, in December, 1904, and the other by the same parties to defendant Henry L. Mellen, in January, 1912.

One attack upon these instruments rests upon the contention they were executed by the wife upon her property as security for her husband's debts, and therefore void as violative of section 8272, Code 1923. Each of these transactions represented an actual loan of money by the mortgagee to Maggie A. McDaniel by check payable to her and upon her written application for a loan. In each instance the same attorney represented the mortgagee, and he knew and understood she alone owned the property. The mortgagees had no previous dealings with the parties, but were merely making the loans on advice of their counsel, who attended to the entire matter. Each mortgage contained the recital that it was given to secure the debt of Maggie A. McDaniel. Presumptively these recitals speak the truth, and the burden rests upon complainant to show the contrary. Sample v. Guyer, 143 Ala. 613, 42 So. 106; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Hall v. Gordon, 189 Ala. 301, 66 So. 493.

In the George F. Mellen transaction of 1904, there were several older mortgages which were duly transferred to said Mellen, and which recited likewise that the indebtedness was that of Maggie A. McDaniel, and, at the time of the loan by defendant H. L. Mellen, these mortgages, with that of the George F. Mellen mortgage, were transferred to said defendant as better security. Some of the older mortgages appear to have represented the purchase money due by said Maggie A. McDaniel.

True, it may be a part of the funds were used to pay some debts of the husband, but the proof shows that, without previous transaction between the parties, these mortgagees made the loans in good faith on application of the wife, the checks payable to her, and the fact, if it be a fact, that she permitted the husband to pay with some of the money any debts of his own would not constitute a violation of the statute and invalidate the loan. Hall v. Gordon, supra.

We are clear to the view complainant has failed to sustain the burden of proof resting upon her in this regard, and that relief could not be founded upon this theory of the bill.

Complainant makes the further attack upon the validity of these mortgages, that the grantor, Maggie A. McDaniel, was of unsound mind. While there is evidence tending to show unsoundness of mind at certain periods, yet the proof fails entirely to disclose such condition was permanent in its nature, and the burden rested on complainant to show mental incapacity at the time of the transaction. Johnston v. Fondren, 204 Ala. 656, 87 So. 94; Harris v. Bowles, 208 Ala. 545, 94 So. 757; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147. That complainant has wholly failed to sustain this burden as to the George F. Mellen mortgage of 1904, we consider too plain for discussion. As to the mortgage of 1912 to H. L. Mellen, we may entertain more doubt, but, as the result of this cause does not depend upon the solution of that question, we pass it without definite conclusion.

In answer to appropriate grounds of demurrer and the decree sustaining the same, complainant amended her bill so as to charge a knowledge of the grantor's insanity to defendant Mellen. This was in accord with the decisions of this court announcing such a rule of pleading as applicable to the act of 1901, now section 6822, Code 1923. Thomas v. Holden, 191 Ala. 142, 67 So. 992; Hale v. Hale, 201 Ala. 28, 75 So. 150; Hughes v. Dempsey, 209 Ala. 375, 96 So. 435.

Nor do we consider anything said in the opinion of Alexander v. Livingston, 206 Ala. 186, 89 So. 520, cited by appellant, indicating a contrary ruling or in any manner qualifying the above-noted authorities upon this question of pleading.

The answer of defendant discloses these mortgages were valid and binding obligations and the money advanced on the faith thereof, and, indeed, the bill itself shows such advancement, and in no manner attacks the good faith of the transactions except in the two particulars hereinabove discussed.

Complainant has offered no proof whatever to show knowledge of or notice to defendant of any unsoundness of mind on the part of the grantor, but, on the contrary, the evidence is without dispute that neither defendant Mellen or his attorney had such knowledge or notice. That the mortgages came within the influence of the above-cited statute has been well settled. Hughes v. Bullen, 209 Ala. 134, 95 So. 379.

The question therefore of unsoundness of mind aside and undetermined, this aspect of the amended bill must fail for a lack of proof of knowledge or notice thereof as charged in the amended bill. Complainant's case rests upon the theory of the absolute nullity of these mortgages, and is framed with no other relief in view. We conclude she has failed to sustain her case, and that the chancellor correctly decreed in dismissing the bill.

The decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.