(134 So. 863)

### HOLMAN et al. v. HARPER.

6 Div. 887.

Supreme Court of Alabama.
May 21, 1931.

O. B. Cornelius, of Birmingham, for appellants.

McEniry & McEniry, of Bessemer, for appellee.

GARDNER, J,

The amended cross-bill seeks the cancellation of the mortgage executed by Norris Holman upon the ground of his mental incapacity at the time of its execution. It avers that the mortgagee had knowledge or notice of such insanity at the time of the execution of the mortgage, and that complainant, the assignee thereof, had like knowledge or notice at the time of his purchase. These averments suffice to meet the assignments of demurrer 2, 3, 4, and 5. Street v. Treadwell, 203 Ala. 68, 82 So. 28.

Assignments 6 and 7 are refuted by the express averments of the bill, and assignment 1 is the general ground of a want of equity. The question of the sufficiency of bills of this character since the passage of the act of 1901 (Acts 1900–01, p. 1943, § 6822, Code 1923) was considered in Thomas v. Holden, 191 Ala. 142, 67 So. 992, and Hale v. Hale, 201 Ala. 28, 75 So. 150; Hughes v. Dempsey, 209 Ala. 375, 96 So. 435.

Appellee argues upon the assumption the cross-bill shows the receipt and retention of a valuable consideration without an offer to restore. But the cross-bill contains no averments as to the consideration, and whether subject to demurrer for such failure we need not stop to inquire, as no assignment of demurrer takes the point. The question of restoration is therefore not here presented. As said in Sumners v. Jordan, 220 Ala. 402, 125 So. 642: "A failure in the bill to offer to make restitution does not render it subject to demurrer unless it shows that the mortgagee advanced something of value upon the faith and security and as the consideration of the mortgage. * * * If the facts justify the relief to complainant only upon the condition that restitution be made, and such facts do not appear in the bill, the respondent may set them up in an answer as defensive matter."

Though we express no opinion upon the matter, we may properly suggest the following authorities for consideration upon the question argued in brief, but not presented by the assignments of demurrer: 32 C. J. 748; Martin v. Cameron, 203 Ala. 548, 84 So. 270; Mitchell v. Baldwin, 154 Ala. 346, 45 So. 715; Blair v. Jones, 201 Ala. 293, 78 So. 69; Bell v. Burkhalter, 176 Ala. 62, 57 So. 460; McCarty-Greene Motor Co. v. McCluney, 219 Ala. 211, 121 So. 713; Owens v. Harris, 222 Ala. 461, 133 So. 6.

It results as our conclusion the cross-bill was not subject to any of the assignments of demurrer interposed thereto, and that the decree sustaining the demurrer was laid in error and must be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.