179 So. 523

### HOLDEN v. HOLDEN et al.

### 8 Div. 816.

Supreme Court of Alabama.

March 3, 1938.

Bradshaw & Barnett, of Florence, for appellant.

R. T. Simpson, Jr., and W. L. Almon, both of Florence, for appellees.

BROWN, Justice.

The bill is filed by the heirs at law of C. W. Holden, deceased, against the grantee of said Holden, also an heir at law, to set aside, cancel, and annul a deed executed by said Holden and his wife to the defendant, to certain lands described in the bill and for a sale of the lands for division of the proceeds among the alleged joint owners. The deed was executed on April 7, 1925. Holden died on April 18, 1933, and the bill was filed January 29, 1936.

Stripped of some of its superfluous verbiage, the bill alleges, as grounds for the relief prayed:

"That, at the time of the said conveyance by C. W. Holden to Percy P. Holden the said C. W. Holden had just shortly returned from the insane asylum where he had been confined and was mentally incompetent to convey and execute the said deed to Percy P. Holden; and complainants say that the said deed is null and void and of no effect for that on the date of the execution of said deed the said C. W. Holden was *non compos mentis and incapable of making a contract.*" Italics supplied.

There is an absence of averment in the bill that the defendant grantee had notice of the grantor's mental incapacity, and it does not negative the payment of a valuable consideration, nor offer to do equity.

The demurrer, which was overruled, takes the points that the bill is without equity; that the complainants do not offer to do equity; that it does not allege that said C. W. Holden was entirely wanting in understanding at the time of the alleged execution of the deed, or was permanently insane, or an idiot. That it does not aver that the respondent had notice of said C. W. Holden's mental incapacity, and for aught that appears respondent paid the said C. W. Holden a valuable consideration for the deed sought to be canceled.

While there is some confusion in our decisions as to the sufficiency on demurrer of the averments in a bill seeking to set aside deeds falling within the influence of the statute, Code 1923, § 6822, on the ground that the grantor at the time of execution was mentally incompetent to contract, resulting probably from a failure to observe, in the particular case, the well-settled rule that on demurrer the pleading should be construed most strongly against the pleader, we are of opinion that the questioned averments in the present bill are equivalent to the allegation that the grantor "was insane and did not have sufficient mind to understand the business he was engaged in when transacting the same," and are therefore sufficient. King et al. v. McAnnally, 234 Ala. 479, 175 So. 546, 547. See Holman et al. v. Harper, 223 Ala. 100, 134 So. 863; Hale v. Hale et al., 201 Ala. 28, 75 So. 150; Todd v. Ward, 201 Ala. 205, 77 So. 731; Hall v. Britton et al., 216 Ala. 265, 113 So. 238.

In Thomas et al. v. Holden, 191 Ala. 142, 67 So. 992, decided more than twenty years ago, it was authoritatively ruled that: "Under Code 1907, § 3347, [§ 6822 of Code 1923] * * * a bill to set aside a mortgage and deed executed by an insane person was demurrable where it failed to allege a lack of good faith on the part of the purchaser, the absence of a valuable consideration, or that the purchaser had notice of the grantor's insanity and failed to offer to do equity." See, also, Ivey v. May et al., 231 Ala. 339, 164 So. 732.

The judgment here is that the court erred in overruling the demurrers to the bill.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.