# Lewis, *et al. v.* Alston.

*Bill to Declare Deeds Null and Void and to Cancel Same*

(Decided April 4, 1912.   58 South. 278.)

1. *Insane Persons; Deeds; Validity.*—Where mental unsoundness is of the congenital type, a deed executed by one of unsound mind is void.

2. *Life Estate; Actions; Parties.*—A life tenant not in possession of the property covered by a void deed, cannot be joined as a co-complainant with the remainder in a bill against the grantee in possession to declare his deed void.

3. *Equity; Parties; Demurrer.*—The fact that the court on demurrer held that a person was a necessary party did not justify the complainant in erroneously joining such party as a co-complainant instead of making him a respondent.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Bill by W. C. Lewis and another against R. S. Alston to declare a deed void, and to cancel same. From a de-

cree sustaining demurrer to the amended bill, complainants appeal. Affirmed.

The bill alleges: "That Willie J. Hildreth, wife of L. A. Hildreth, died intestate, owing no debts, in Tampa, in the state of Florida, in October, 1910, leaving, surviving her, her husband, L. A. Hildreth, Kent Hildreth, a son, George Hildreth, a minor son, Louis Hildreth, a minor son, and Elsie Hildreth, a minor daughter, all over the age of 14 years, but without guardian. That Ophelia Lewis died intestate, and owing no debts, on the 5th day of April, 1909, in Marengo county, with the following heirs and next of kin: W. C. Lewis, a brother, A. M. Lewis, a brother, A. L. Dobson, a sister, D. B. Dobson and D. B. Dobson, Jr., husband and son of Carrie Dobson, deceased, who was a sister, Willie J. Hildreth, R. S. Alston, and Mrs. J. C. Ferguson, the children and only heirs at law of Agnes Alston, a sister of said Ophelia Lewis, and who died intestate, and owing no debts, in May, 1908. That Ophelia Lewis, at the time of her death and 12 years prior thereto, owned the following real estate: [Here follows description.]" Paragraph 5: "That on June 22, 1908, said Ophelia Lewis did make, execute, and deliver to R. S. Alston a deed, a copy of which is attached and marked 'Exhibit A,' to the lands described above. That said R. S. Alston went into possession of said lands upon the death of said Ophelia Lewis, rented them out, used them, claimed title to the same, and held said lands, and denied the right, title, and interest to your complainants, their right of possession ever since that time, and denied the right of title and the right of possession to said Willie J. Hildreth prior to and up to the time of her death. That at the time of the execution and delivery of said deed to the said R. S. Alston the said Ophelia Lewis did not have mental capacity to make a deed, in that she was

of unsound mind, and that her mental unsoundness was of a congenital type, and that she has been of unsound mind all of her life.  On that account, the said Ophelia Lewis being of unsound mind when she executed said deed, said deed is null and void, and of no effect."  Paragraph 6 alleges certain undue influence exerted by R. S. Alston, L. C. Lewis, Mrs. J. C. Ferguson, and Agnes Alston, averring that they came to the county seat and employed a lawyer to draw the deed to Alston, and also the deed to L. C. Lewis and Mrs. Ferguson, and procured the judge of probate to go home with them, and have the deed executed by said Ophelia Lewis, the probate judge being unacquainted with the mental condition of the said Ophelia Lewis, and that there were two parties capable of taking acknowledgment, residing within two miles of said Ophelia Lewis, who knew the mental condition of said Ophelia Lewis.  It is then alleged that the lands conveyed to the parties named were reasonably worth $10,000, and that the total consideration of the three deeds was $15.

The demurrers raise the proposition that the bill was without equity, because there was a complete and adequate remedy at law, and that the facts asserted to show undue influence rebut any inference of undue influence, and do not raise a presumption of undue influence, and also that the bill avers the congenital unsoundness of Ophelia Lewis, and hence shows that she had no mind on which undue influence could be exerted.  Additional demurrers were also filed to said bill, because it shows that there were life tenants of the property embraced in the conveyance attempted and prayed to be canceled, and does not show that the defendant is holding under or in privity with said life tenants, and said life tenants are not made parties to the bill, and because D. B. Dobson and L. A. Hildreth are necessary parties to the bill,

and also because, under the averments of the bill, the complainants show no right to maintain the bill, because under the allegations of the bill this suit should have been maintained and instituted by the life tenant. The bill was afterwards amended by making L. A. Hildreth a party complainant.

J. M. MILLER, and BEN F. ELMORE, for appellant. Having already considered and passed upon demurrers to the original bill, it was improper to consider the same to the amended bill, as they raise the same question.—*Turner v. Durr*, 55 South. 230. In case a deed is set aside, the lands would descend to the children of Willie Hildreth, and her husband would not be a tenant by courtesy, as the wife died before the estate vested. —9 Ala. 965; 13 Ala. 793. L. A. Hildreth was a rightful party, and properly joined as a party complainant. —*Boyd v. Hunter*, 44 Ala. 705; *Mitchell v. Baldwin*, 154 Ala. 336. The bill has equity, and is not multifarious.—Sec. 3095, Code 1907; *Trust v. Miller*, 116 Ala. 484; 58 Ala. 443; 64 Ala. 375; 66 Ala. 526; 18 Ala. 439; *Letohatchie Church v. Bullock*, 133 Ala. 552, and authorities there cited. As to the adequacy of the legal remedy see *Shipment v. Furniss*, 69 Ala. 555. On the question of laches, see *Pratt v. McLean*, 135 Ala. 458; *Bank v. Nelson*, 106 Ala. 535. Confidential relations were shown, and there was a fraud in deed and in fact and in law.—*Walker v. Nicrosi*, 135 Ala. 355; *Holt v. Agnew*, 67 Ala. 360; *Bancroft v. Otis*, 91 Ala. 279. Where jurisdiction of equity is properly invoked, the court will retain the case for the purpose of doing complete justice—*Ellis v. Vandegrift*, 55 South. 781. The deed was void.—*Hayes v. Bowdoin*, 159 Ala. 600; 133 Ala. 552; 90 Ala. 446.

[Lewis, et al. v. Alston.]

ABRAHAMS & TAYLOR, for appellee. The demurrer to paragraph 5 was properly sustained.—*Winn v. Fitzwater,* 151 Ala. 179; *Mitchell v. Baldwin,* 154 Ala. 349; *Patterson v. Simpson,* 147 Ala. 550; *Davis v. Vandiver,* 143 Ala. 202; *McKay v. Broad,* 70 Ala. 376. Hildreth was a life tenant in the land, and a necessary party to the bill.—Sec. 3765, Code 1907; *Dake v. Sewell,* 145 Ala. 581; *Fies v. Rosser,* 162 Ala. 504; see also 151 Ala. 179; 143 Ala. 202; 70 Ala. 378. Being out of possession Hildreth was improperly joined as a party complainant.—*Mitchell v. Baldwin, supra; Brewer v. Brown,* 68 Ala. 201; *Harbin v. Pope,* 10 Ala. 493. The decree of the court no where required that Hildreth be made a party complainant.—*Davis v. Vandiver, supra.* Whether the deed be void or merely voidable, L. A. Hildreth was a necessary party.—Sec. 3765, Code 1907; *Dake v. Sewell, supra.*

DOWDELL, C. J.—This appeal is taken from a decree of the chancellor sustaining a demurrer to the bill as amended.

Under the averments of paragraph 5 of the bill, the deed assailed was void, and no title passed thereby from the grantor to the grantee, who is the respondent here.

Upon the death of the grantor, the legal title descended to her heirs at law. Mrs. Hildreth was an heir at law, and acquired title by descent. Upon her death, her husband, L. A. Hildreth, became a life tenant as to her interest under the statute, and was entitled to possession. He, however, was not in possession, the respondent being in possession and holding adversely; and, being out of possession, he could not maintain the bill to remove cloud from the title. This being true, he could not properly be joined as a co-complainant with

the remaindermen in such a bill. The remaindermen in such a bill might well have made him a respondent to their bill, as being a necessary party to the suit. This is the point taken by the demurrer, which the court sustained, to the bill as amended, and the decree of the court is free from error.

Counsel for appellants is mistaken in his contention that he was forced by the demurrer of respondent to the original bill, and the decree of the court thereon, to amend his bill by making L. A. Hildreth a co-complainant. The demurrer to the original bill, and the decree thereon, only determined that under the averments of the bill L. A. Hildreth was a necessary party to the *suit*, and not that he was a necessary *complainant*.

SIMPSON, ANDERSON, McCLELLAN, and SOMERVILLE, JJ., concur. SAYRE, J., concurs in the conclusion, but is of the opinion that L. A. Hildreth is not a necessary party.