# Lewis, *et al. v.* Alston, *et al.*

### *Bill to Cancel Deed and for Other Relief.*

(Decided November 27, 1913. 63 South. 1008.)

1. *Cancellation of. Instrument; Void Deed.*—The complainant can-not maintain a suit to ·cancel a deed on the ground that the deed was void because the grantor was non compos mentis when the deed was executed, as cancellation is unnecessary to the recovery of possession in an action at law.

. 2. *Quieting Title; Equitable Jurisdiction.*—The cancellation of a deed as cloud upon title upon the ground that it was procured by undue influence is purely a matter of equitable cognizance.

3. *Same; Removing Cloud; Right of Action; Reversion.*—Although the life tenants are now entitled to possession the reversioners may

sue in equity to remove a cloud from their title by having a voidable deed cancelled.

4. *Same; Adequacy of Legal Remedy.*—Though all the parties complainant derived their interest in the land from the common source, yet where a part of the complainants are reversioners not yet entitled to possession so as to maintain an action at law, their legal remedy is not adequate, and they may file a bill in equity to cancel a deed as cloud upon their title.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. E. J. GILDER.

Bill by W. G. Lewis and others against R. S. Alston and others, to cancel a deed as cloud upon title, or for other appropriate relief. Decree for respondents and complainants appeal. Reversed and remanded.

See also *Lewis, et al. v. Alston,* 176 Ala. 271; 58 South. 278.

J. M. MILLER, and BEN F. ELMORE, for appellant. Relief from a deed procured by undue influence may not be had anywhere except in equity.—*Shipman v. Furniss,* 69 Ala. 555. Where facts are alleged giving equitable cognizance it may be joined with other facts of legal cognizance.—11 Ala. 636; 66 Ala. 536; 18 Ala. 435; 133 Ala. 552. A bill in equity may contain alternative averments for relief as set up in this bill.—*Hayes v. Bowdoin,* 159 Ala. 60. The reversioners may come into equity and have a deed cancelled as a cloud upon their title —*Woodstock I. Co. v. Fulenwider,* 87 Ala. 584.

ABRAHAMS & TAYLOR, for appellee. No brief reached the Reporter.

SAYRE, J.—Appellants filed their bill seeking the cancellation of a deed which their ancestor at law had made to defendant Alston, and for such other relief as might be appropriate, alleging two distinct and inconsistent grounds of relief, viz.: That grantor was non compos mentis at the time of the execution of the deed:

that it had been procured by undue influence. These two grounds are not stated alternatively as affording different inconsistent bases of fact on which the same relief might be put, though complainants may now so proceed under the statute (section 3095 of the Code) ; but they are stated cumulatively and apparently without appreciation of the fact of their inconsistency. The second above-named ground presented a case of purely equitable cognizance—cancellation of the deed in that case is necessary before a delivery of the property can be decreed, and cancellation can be had only in equity. But if all the complaining parties had been entitled, on the hypothesis of the first alleged ground of complaint, then obviously the bill would not be entertained on that ground, for, that ground being shown, the deed was a nullity, and needed no cancellation, for the reason that complainants' primary right to the property would be made effective by the recovery of possession in an action at law. But on the face of the bill the fact appears that some of the complainants claim as the heirs of Mrs. Hildreth, deceased, who was a sister and heir of the deceased grantor, and upon the death of Mrs. Hildreth her husband, L. A. Hildreth, became a tenant for life of her interest under the statute, and was, and is now, entitled to possession to the extent of his interest, as was pointed out when this case was here on a former appeal. —Lewis v. Alston, 176 Ala. 271, 58 South. 278. He, however, is not in possession, the defendant Alston being in possession, and holding adversely ; and on the former appeal it was held that he could not be a party complainant in a bill to remove a cloud from the title. It being then also held that the cause could not proceed without him, complainants were compelled to amend their bill by making Hildreth a party defendant, and he has confessed the bill. By reason of Hildreth's in-

tervening life estate, those parties who claim through Mrs. Hildreth are reversioners, and not yet entitled to possession. They can therefore have no action at law; but they are entitled to relief in equity in the way of a decree removing the cloud upon their title for the protection of their reversionary right.—*Woodstock Iron Co. v. Fullenwider,* 87 Ala. 584, 6 South. 197, 13 Am. St. Rep. 73. They are therefore entitled to maintain the bill on either of the grounds alleged.

Leaving the bill intact in all other respects as a good bill in behalf of all the parties complainant, effect of the ruling on demurrer, the ruling from which this appeal is taken, was to take out of the bill the averment that grantor in the deed was non compos mentis, thus denying the right of the complainants to have relief on that ground because some of them, if they had proceeded separately and apart from the rest, might have enforced their right in a court of law. We apprehend that the rule which requires parties complainant to resort to the law court whenever a plain, adequate, and complete remedy may be there had ought not to have application to a case where, as here, all parties aggrieved have the same primary right, which right is cognizable in equity as well as at law, and some of them have imperative need of a peculiar equitable remedy for the enforcement of that right, though others, proceeding separately, might have a remedy in the law court. A controversy is presented which ought to be settled in one proceeding. It cannot be settled without the presence of the reversioners, and yet, they being brought into the controversy; the case cannot be determined at law, but must be concluded in equity. In short, the remedy at law is not adequate for a complete disposition of the rights of the parties. In the peculiar circumstances of this case we think the demurrer taking the point on

which the lower court decreed should have been over-
ruled.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SOMERVILLE,.
JJ., concur.