(87 South. 337)

## BEATY et al. v. WASHAM et al.
### (5 Div. 750.)

(Supreme Court of Alabama. Dec. 16, 1920.)

**1. Homestead** ⊜⟹118(4) — **Conveyance of homestead void where wife insane.**

An attempted conveyance by the husband, the wife joining, is wholly void where the wife is insane.

**2. Homestead** ⊜⟹118(4)—**Title to homestead is in husband, and wife's signature and assent is not that of grantor.**

The title to a homestead owned by the husband is in the husband only, and the wife is not required to become the grantor to satisfy the law's exaction that her voluntary signature and assent to the conveyance is necessary.

**3. Homestead** ⊜⟹129(1)—**Statute as to conveyance by insane grantor inapplicable to conveyance of homestead.**

Code 1907, § 3347, providing that whenever any person shall, in good faith, for a valuable consideration, purchase real estate from an insane person without notice of insanity, the conveyance shall not be void, but the insane person may recover the difference between the market value and the price paid, and also protecting the rights of the parties, has reference alone to an insane grantor, and is inapplicable to a con-

veyance of the homestead by the husband joined in by the wife when insane.

**4. Homestead ⬠32—Actual occupancy essential to characterize land as homestead.**

Actual occupancy is essential to characterize land as a homestead, and where a husband and wife moved off the homestead after an ineffectual attempt to convey it, and neither the husband nor the wife occupied the premises at the time of the death of either, purchasers who were the heirs of the husband *held* invested with the legal title to such premises.

Appeal from Circuit Court, Coosa County; E. J. Garrison, Judge.

Ejectment by W. L. Washam and others against Wiley Thomas, as tenant, who brought in his landlord, T. J. Beaty. Judgment for the plaintiffs, and defendants appeal. Affirmed.

Felix L. Smith & Son, of Rockford, for appellants.

Counsel insist that under section 4196, Code 1907, there was a discontinuance of the suit by the death of Mrs. Washam. They further insist that under section 3347, Code 1907, and the testimony of Beaty that he had never heard in any way up to the time of buying the land that Mrs. Washam's mind was in any way affected, that the defendant was entitled to the affirmative charge. 191 Ala. 142, 67 South. 992; 113 Miss. 146, 74 South. 150, L. R. A. 1917D, 361.

James W. Strother, of Dadeville, and John A. Darden, of Goodwater, for appellee.

The deed to the homestead was void. 110 Ala. 400, 18 South. 315, 55 Am. St. Rep. 29.

McCLELLAN, J. Statutory ejectment, instituted September 11, 1918, by appellees against appellants Beaty and Thomas; the latter being the tenant of the former. As the result of findings of fact by the jury, plaintiffs were given judgment for the land described in the complaint. The appellees, plaintiffs, are among the heirs at law of R. J. Washam, deceased, who died in 1917.

In February, 1908, Teel conveyed the land in question, by warranty deed, for a valuable consideration, to R. J. Washam. R. J. Washam and his wife, Francis A., resided on this land. It was their homestead on the 7th day of September, 1915, when for "$1 and other valuable considerations" a warranty deed thereto to the appellant Beaty was undertaken to be executed. It appears that this land did not exceed 160 acres in area, and that its value was less than $2,000.

[1] The plaintiffs asserted, and the jury so concluded, that at the time the conveyance of this homestead to Beaty was made, Francis A. Washam, the wife of R. J. Washam, was mentally incompetent to give her "voluntary signature and assent" (Code, § 4161) to the alienation of the homestead. This court has long since established, in Thompson v. Mortgage Co., 110 Ala. 400, 18 South. 315, 55 Am. St. Rep. 29, the doctrine that an attempted conveyance of the homestead to a third person is a nullity, wholly void, if the wife is insane at the time her "voluntary signature and assent" are requisite to the validity of the instrument. The defendant would avoid the result attending the statute and the doctrine illustrated in Thompson's Case, supra, by recourse to the provisions of Code, §§ 3347, 3348. These sections read:

3347. "Whenever any person shall in good faith, and for a valuable consideration, purchase real estate from an insane person without notice of such insanity, such contract and conveyance shall not be void, but such insane person may recover from the vendee or those claiming under him, the difference between the market value of such real estate at the time of the sale and the price paid therefor, with interest thereon, and shall have a lien on such real estate to secure the same, and the purchasers from such vendee, without notice of the insanity of the original vendor, shall be protected in like manner and have the benefits of this section."

3348. "Except as provided in the preceding section, all contracts of an insane person are void, but he and his estate shall be liable for necessaries furnished him which may be recovered upon the same proof and upon the same conditions as if furnished to an infant."

[2] "The title to the property [a homestead owned by the husband] is" in the husband only, and so is the right of homestead; and hence in a conveyance by the husband of the homestead, owned by him, the wife is not required to be or to become a grantor in order to satisfy the law's exaction that her "voluntary signature and assent" to the conveyance of such homestead is necessary to its conveyance; she having no property in the homestead owned by the husband. Dooley v. Villalonga, 61 Ala. 129, 132; Vancleave v. Wilson, 73 Ala. 387, 389, among others.

[3] Code, § 3347, quoted above, has reference alone to an insane grantor, not to the insane wife of the grantor, who, as stated, has no such property or estate in the homestead (owned by the husband) as constitutes her a grantor in the premises. The provisions of this statute cannot, therefore, avail this appellant; and if, as the jury concluded, R. J. Washam's wife was insane at the time this conveyance to Beaty was undertaken to be made, the instrument was wholly void, just as if it had not been executed at all. After this entirely ineffectual effort to convey the homestead to Beaty was made, Washam and his wife moved off the land, and Beaty went into exclusive possession; and neither R. J. Washam nor his wife occupied the

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

premises at the time of the death of either of them in 1917 and 1918, respectively.

[4] Since actual occupancy, with some statutory exceptions not presently pertinent, is essential to characterize land as a homestead; since a resident of this state cannot have two distinct homesteads under our laws (Hodges v. Hodges, 201 Ala. 215, 216, 77 South. 741, citing earlier decisions; 8 Mich. Ala. Dig. pp. 88, 89; Fuller v. Amer. Supply Co., 185 Ala. 512, 514, 516, 64 South. 549, among others); and since there does not appear to have been any effective setting apart of this area in lieu of homestead—the plaintiffs (appellees) became invested with the legal title held by R. J. Washam at the time of his death, and were hence entitled to maintain ejectment against Beaty and his tenant Thomas to recover the land.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.