MARY HUGGINS et al., Appellees, v. W. C. MATHEWS, Appellant.

**SALES: Rescission—Failure of Vendor to Meet Conditions.** A contract for the purchase of the furniture and furnishings of a rented apartment house, on the representations (1) that the vendor would at once secure the consent of the landlord to the assignment of the lease, and (2) that the lease could be renewed at the rental then prevailing, is properly rescindable immediately upon the discovery that said representations could not be complied with.

**Headnote 1:** 35 Cyc. pp. 151, 158.

*Appeal from Scott District Court.*—D. V. JACKSON, Judge.

APRIL 7, 1925.

ACTION in equity, to rescind and cancel a contract for the purchase and sale of personal property, and to quiet title to real property. Decree as prayed.—*Affirmed.*

*Thuenen & Thuenen* and *Joseph Shorey,* for appellant.

*John C. Higgins,* for appellees.

PER CURIAM.—This action grows out of a transaction between the parties herein on the 13th day of July, 1922. Appellant owned the furniture and furnishings in a certain apartment house on East Third Street in the city of Davenport, and held a lease thereof, which expired January 1, 1923. Appellees owned a residence property, incumbered for $2,400. On the above date, appellant executed a bill of sale conveying the furniture and furnishings in the apartment house to appellees, and agreed to assign the lease to them and to procure the consent of the landlord to such assignment; in consideration of which appellees gave appellant their note for $950, together with a second mort-

gage on their residence property, to secure the payment thereof. Appellees immediately took possession of the apartment house. Appellant retained the lease in his possession, for the purpose of securing the consent of the lessors to its assignment. Within a very few days, appellees were advised by the lessors that they would not consent to an assignment of the lease, and that they had decided to raise the rent, as soon as the lease expired, at least one third. Appellees immediately notified appellant of the decision of the lessors, who urged them to wait until after the first of August; but they immediately rescinded the contract and moved out of the building.

They allege in their petition that appellant stated and represented to them that the rent for the apartment house was $95 per month; that it yielded an income of $180; that the cost of heating it did not exceed $25 per month; and that the lease would be assigned to them, and that they could renew it at any time, upon the terms of the existing lease. Appellant refused to return the mortgage executed upon the residence property, or to cancel the same of record. On August 22d, appellant secured the written consent of the lessors to the assignment of the lease; but, as already stated, appellees had removed from the building prior to that date. On August 25th, appellees commenced this action for the rescission and cancellation of the contract, and to quiet title to the residence property, as against the mortgage for $950, executed to secure the payment of the purchase price of the furniture and furnishings. The evidence tends to sustain the allegations of appellees' petition: that is, that the property could not be leased at the existing rental, and that the cost of heating the building was greatly in excess of $25 per month; together with the other matters alleged.

The court below found for appellees, and decreed cancellation of the contract of sale, and quieted title to the residence property as against the mortgage, upon condition that appellees immediately pay to the clerk $26 received by them as rental from tenants while they were in possession of the property. This amount was immediately deposited with the clerk, in compliance with the decree.

Appellant contends that he had a reasonable time within which to secure the approval of the lessors to the assignment of

the lease; that appellees were in possession of the premises without interference on the part of the lessors; that they suffered no damages; and that, in any event, there was but a partial failure of consideration, and therefore no ground of rescission existed.

Although the court below found affirmatively that there was no fraud in the transaction, the evidence shows that the representations of appellant as to the expense of heating the building, and that a renewal of the lease could be obtained at the same rental, were untrue. It was clearly the duty of appellees to rescind within a reasonable time after a ground therefor became known to them. They did take prompt action, notifying appellant at once, and demanding that he either comply with the contract or return the note and mortgage executed to him. Appellees had a right to rely upon the statement of the lessors that they would not renew the lease at the same rental, and that they would in no event consent to the assignment of the lease to them.

It is no doubt true that a mere failure of consideration is not a ground for the rescission or cancellation of a contract. For this, there is an adequate remedy at law. The contract in this case contemplated much more than the mere sale of the furniture and furnishings in the building. As we understand the record, the property purchased was distributed through the various apartments which were leased by appellant to the occupants thereof. The contract evidently contemplated the sale and purchase of a rooming house, fully equipped; and the refusal of the lessors to consent to the assignment of the lease and to a renewal thereof, rendered the furniture and furnishings of but small value to appellees. The mortgage executed upon the homestead for $950 was an inseparable part of the transaction. The deal was incomplete, and required the consent of the lessors to the assignment of the lease, to enable appellees to retain possession of the building and the property in the place where it was situated, and in use by the tenants. The mortgage upon the residence property could be canceled and the cloud removed from the title only by an action in equity. Appellees acted promptly, notifying appellant of their election to rescind the contract, and offered to restore possession and the keys of the building to him, and to place him *in statu quo*. It is a well

established doctrine of equity that it has jurisdiction, when an instrument such as a deed or mortgage would, by being suffered to remain uncanceled, throw a cloud on plaintiff's title, to decree a cancellation thereof. *Lewis v. Alston,* 184 Ala. 339 (63 So. 1008); *Angus v. Craven,* 132 Cal. 691 (64 Pac. 1091); *Sawyer v. Cook,* 188 Mass. 163 (74 N. E. 356); *Hicks v. Rupp,* 49 Mont. 40 (140 Pac. 97).

Thus, the action for the cancellation of the mortgage was properly prosecuted in equity; and it seems to us that, upon a consideration of the transaction as a whole, the inequitable result which necessarily followed the failure of appellant to secure the consent of the lessors to the assignment of the lease, coupled with the representations that he would do so, and that appellees could secure a renewal thereof at the same rental, afforded them a ground for the rescission of the contract.

The representations were material; and while the statement as to the renewal related to an act to be performed in the future, it was, nevertheless, a present consideration; and these representations amounted to a fraud upon appellees. It is true that the consent of the lessors was subsequently obtained by appellant; but, as stated, notice, based upon notice from the lessors that consent would not be given, had been given to appellees, and a rescission effected. The contract alleged was obtained after the rescission of the contract by appellees.

A point is made of the failure of appellees to turn over $26 collected as rent while they had possession of the apartment. The decree was conditional upon the payment of this sum to the clerk. Payment was promptly made, in accordance with the decree.

We are of the opinion that the decree of the court below is right, and it is—*Affirmed.*