(133 So. 6)

**OWENS v. HARRIS.**
**8 Div. 247.**

Supreme Court of Alabama.
March 12, 1931.

462.

Almon & Almon and S. A. Lynne, all of Decatur, for appellant.

O. Kyle, of Decatur, for appellee.

ANDERSON, C. J.

This bill was filed to cancel a mortgage by the mortgagor upon the ground that the land embraced was the homestead and there was no acknowledgment by the wife as required by the statute. Indeed, the mortgage was not only not acknowledged, but recites upon its face that the wife was insane and confined in the asylum.

It is well settled by the decisions of this court that the mortgage of the homestead by a married man is invalid if the wife does not acknowledge same as required by law. Nor does the fact that the wife was insane at the time of the execution of the conveyance afford an excuse that will impart validity thereto. Beaty et al. v. Washam et al., 205 Ala. 92, 87 So. 337; Thompson v. New England Mortgage Security Co., 110 Ala. 400, 18 So. 315, 55 Am. St. Rep. 29. It is also settled that this situation is not controlled by sections 6822, 6823, of the Code of 1923, which apply to an insane grantor and not an insane wife of the grantor. Beaty v. Washam, supra; Sumners v. Jordan, 220 Ala. 402, 125 So. 642; Hall v. Britton et al., 216 Ala. 265, 113 So. 238.

It is also well settled that, when a mortgagor seeks to cancel such a conveyance in a court of equity, he must do equity by restoring the consideration received by him as a condition precedent to obtaining relief. Sumners v. Jordan, 220 Ala. 402, 125 So. 642, and cases there cited. It is insisted by this appellant that, while the mortgage was given for $2,750, at least $2,000 of same was for a past consideration or antecedent debt, and that only $750 of said sum represents a new or subsequent consideration and is the only sum for which he should be accountable, and that the proof shows that sufficient credits have been made, if first applied to this part of the debt rather than to the entire indebtedness, so that this part of same was paid. It may be conceded that the appellant has only to account for the new or subsequent indebtedness as distinguished from the antecedent debt, still we are unable to hold that this was fully paid and the appellant was not entitled to a cancellation unless it was paid in full or without paying so much thereof as was unpaid. The amount of the mortgage indebtedness was submitted to the register for a reference; the appellant had notice and failed to appear and contest or to object and except to the finding of the register. Nothing was done to separate the debt or to settle the application of payments or credits, and we are unable to put the trial court in error in declining to grant the appellant relief, and, had the decree been confined to a denial of relief and dismissal of the bill, the decree would have to be affirmed. But the trial court went beyond this and granted the respondent relief by ordering and foreclosing the mortgage, thus giving life and vitality to a void mortgage and as to which we know of no precedent. True, the appellant had to do equity, else he would not be entitled to relief and would have to suffer a dismissal of his bill, but that does not mean that the cause should be retained so as to give the respondent affirmative relief upon a cross-bill or otherwise to the extent of enforcing a mortgage which is void in law.

The decree in denying the appellant relief is affirmed. The decree granting the respondent relief and foreclosing the mortgage is reversed, and one is here rendered setting aside and vacating same as well as the sale and orders made pursuant thereto.

The cost of this appeal will be taxed against the appellee, and the cost of the lower court as incurred prior to the decree of sale will be taxed to the appellant, and all cost incurred subsequent to said decree of sale or foreclosure will be taxed against the appellee.

Affirmed in part, and reversed and rendered in part.

GARDNER, BOULDIN, and FOSTER, JJ., concur.