158 So. 759

## HOOD v. HOLLIGAN et al.
### 6 Div. 558.

Supreme Court of Alabama.
Jan. 17, 1935.

Smyer, Smyer & Bainbridge, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellees.

BROWN, Justice.

The original bill was filed by the appellant, Bruce A. Hood, under the statute to quiet the title to the northwest quarter of the northwest quarter of section 10, township 16, range 3 west, Jefferson county, not including the mineral rights.

The bill avers that the complainant is in the peaceable possession of the property; that the appellees, Narcissus Holligan (also known as Holihan), a non compos mentis, J.

540

E. Brewer, as guardian of said non compos mentis, and Earnest Ragland, are claiming some right, title, or interest in said land, and calls on them to set forth and avow their right, title, or claim thereto.

The defendants filed an answer asserting that the appellee Narcissus Holihan is the owner of said property, holding a fee-simple title thereto; that the said Earnest Ragland is her tenant; that said land was patented to Patrick Holihan, the deceased husband of the said Narcissus Holihan, by the United States; that said Patrick Holihan, by his last will, bequeathed to his widow, Narcissus, a fee-simple title to one half of said land, with a life estate in the other half, and remainder over to his only child, "Thomas, alias Tomey Holihan"; that subsequent to the death of said Patrick Holihan, the said only child deeded his interest to said Narcissus, and she has been in the open, notorious, adverse, and exclusive possession thereof for more than twenty years before the filing of the original bill.

The answer, which is prayed to be taken and considered as a cross-bill, further avers *"that at some time during the year 1930 or 1931, one James A. Brewer took advantage of the mental condition and age of said respondent, Narcissus Holihan, and of his relation to her, viz.: that of grandson, and got her to sign a paper purporting to deed said land to the said James A. Brewer, and said respondent through her guardian is informed and believes and therefore charges that said James A. Brewer executed some sort of deed or instrument in writing purporting to convey said land to said complainant, Bruce A. Hood.* Respondents and cross complainants further aver that at the time of the purported execution and delivery of said paper purporting to deed said land to said James A. Brewer, said Narcissus Holihan was *non compos mentis,* and said James A. Brewer had knowledge of her said condition at said time." The answer and cross-bill further aver that there was no consideration for the execution and delivery of said paper purporting to convey said land to said James A. Brewer. The defendant Narcissus Holihan does not, in her cross-bill, offer to do equity. (Italics supplied.)

The complainant (respondent to the cross-bill) demurred on grounds, among others, that the above-italicized averments are in-

sufficient to show fraud or undue influence, as a predicate for the cancellation of the instrument of writing procured by said James A. Brewer from Mrs. Holihan purporting to convey said land to him.

■ This contention may be conceded; nevertheless the averments of the cross-bill are sufficient, if they are sustained by the proof, to entitle Mrs. Holihan to the relief which she prays. If, as alleged in the cross-bill, she was insane at the time said writing was executed, and the said James A. Brewer paid nothing for the execution of the deed, and he procured the execution of the deed with notice or knowledge of her insanity, he did not, "in good faith, and for a valuable consideration, purchase real estate from an insane person," and the transaction was not within the protection of the statute, Code 1923, § 6822, and the deed was and is void. Code of 1923, § 6824; Thomas et al. v. Holden, 191 Ala. 142, 67 So. 992; Hale v. Hale, 201 Ala. 28, 75 So. 150; Beaty et al. v. Washam et al., 205 Ala. 92, 87 So. 337.

The grantee of James A. Brewer, though he paid value and was without knowledge or notice of Mrs. Holligan's insanity, received no better or higher title than his grantor. Alexander et al. v. Livingston, 210 Ala. 420, 98 So. 281.

■■ Taking the averments of the cross-bill as true, which must be done on demurrer, the alleged conveyance from Mrs. Holligan to James A. Brewer was a cloud on her title and she was entitled to its cancellation.

Conceding, for the purpose of this decision, that a defendant, who has been brought into court through its process, must in any case offer to do equity, such offer certainly is not essential to the equity of a cross-bill which is purely defensive, and alleges that nothing was paid by the alleged grantee and nothing received by the complaining defendant. Sims, Ch. Pr. § 643. The court in Thomas et al. v. Holden, supra, was dealing with an original bill, which showed that the parties under whom the complainants claimed had received value.

The decree overruling the demurrers to the cross-bill was free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.