168 So. 869

## RHODES v. STATE.

6 Div. 774, 775.

Supreme Court of Alabama.

June 11, 1936.

D. S. Satterwhite and Jas. B. Smiley, both of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

The rules of evidence touching the direct and cross-examination of an expert witness on the question of insanity of the accused on trial for crime were fully laid down in Parrish v. State, 139 Ala. 16, 36 So. 1012, and followed in Wilson v. State, 195 Ala. 675, 71 So. 115. They need not be repeated here further than to make application in this case.

Dr. J. T. Dawkins, the only physician examined, was introduced by the state. On direct examination he testified he had been a practicing physician in the community for 24 years; that he had known defend-

510

ant 15 to 16 years and had been his family physician; that witness had not seen and talked with him frequently during the past year; that during former years, while he lived in Ensley, witness saw him quite often, and during those years formed an opinion as to his sanity. Witness then said: "In my opinion he is sane."

On cross-examination witness said: "I have had experience with insane people only as a general practitioner, and I have examined quite a few of them. I have given no special study to that work other than what was included in the general course of medicine in college and from the experience I have had. I would probably treat and see from one to three a year, and had occasion to observe the conduct of them."

On further cross-examination the witness stated his recent contacts with defendant were not sufficient to form an opinion, and witness' opinion was formed from knowing him for 14 or 15 years.

Thereupon, it appears, a hypothetical question was asked incorporating several recent acts and incidents which had been testified to by other witnesses as tending to show insanity. To this witness answered he did not know that he could express an opinion from a medical standpoint based on these facts. Thereupon, counsel for defendant added further incidents in evidence, and asked whether all these facts would, in witness' opinion, show sanity or insanity.

Objection was made to this question on the ground the question did not include a further fact, which the state considered would shed light on the question. This led to a prolonged discussion, the court and counsel participating, resulting in a ruling by the court that the hypothetical question must include all of the material facts and circumstances as testified to in support of the plea of not guilty by reason of insanity.

Defendant's counsel insisted on an answer to the question as framed. The court sustained the objection, and exception was reserved.

■ Even on direct examination counsel is not required to include every detail which may appear to the court to shed some light on the question. The party is entitled to frame his hypothetical question on such facts in evidence as he relies upon to support his contention of sanity or insanity. He need not include matters on which there is conflict in the evidence. Questions may be framed to get the opinion of the witness on any state of facts which the jury may find to be true under the evidence. Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840; Hamilton v. Cranford Mercantile Co., 201 Ala. 403, 78 So. 401. On cross-examination, the opposing party may put hypothetical questions embodying further tendencies of the evidence; indeed a much wider latitude is allowed. Questions not limited to the facts in evidence, but tending to test the witness' knowledge as an expert, the weight to be accorded in his opinion, may be asked, subject to reasonable control and limitation by the court.

The state, in brief filed, does not question these rules, but insists that the witness was not shown to be an expert, and hence there was no error in the ruling of the court.

Admittedly hypothetical questions can be put only to expert witnesses.

■ From our early judicial history a regular practicing physician has been held qualified to express an opinion on the question of sanity to be accorded greater weight than that of a nonexpert witness. McCurry v. Hooper, 12 Ala. 823, 46 Am.Dec. 280; 22 C.J. page 668, § 759.

Medical jurisprudence is now one of the subjects on which examination is had before issuing license to practice medicine. Code, § 2837 (1627).

Dr. Dawkins qualified as a professional witness on the subject. It may be added counsel on both sides, as well as the trial judge, so treated him, and the rulings of the court were made on that assumption.

There was error in the court's ruling, for which the judgment should be and is reversed.

Reversed and remanded.

All the Justices concur.