31 So.2d 324

## STALLWORTH v. WARD et al.

### 2 Div. 226.

Supreme Court of Alabama.

June 19, 1947.

Rehearing Denied Aug. 2, 1947.

Bart B. Chamberlain, Jr. and Smith, Hand & Arendall, all of Mobile, for appellees.

D. M. Powell and Powell & Hamilton, all of Greenville, and Godbold & Godbold, of Camden, for appellant.

SIMPSON, Justice.

This is a proceeding ancillary to one of final settlement of a guardianship of a non compos mentis and questions the validity of a conveyance of land by the ward after a Florida court had declared her to be sane.

The procedure to determine the question of the title to the land as an incident to the final settlement of the guardianship, as well as the law pertinent, was indicated in Ward v. Stallworth, 243 Ala. 651, 11 So. 2d 374, where the present appellant, Stallworth, the successor in title to the ward's grantee, was declared not entitled to sue in ejectment to recover possession of the land from the guardian while the guardianship was still pending.

The instant appeal is from a decree declaring the deed of the non compos void and cancelling Stallworth's claim of title to the lands.

■ Except in cases provided in §§ 41 and 42, Title 9, Code 1940, contracts and conveyances of insane persons are absolutely void and confer no rights upon the other party and the rule applies to innocent purchasers of the grantee as well. Hood v. Holligan, 229 Ala. 539, 158 So. 759; Metropolitan Life Ins. Co. v. Bramlett, 224 Ala. 473, 140 So. 752; Ivey v. May, 231 Ala. 339, 164 So. 732.

Hattie Ward, the grantor, had been of feeble mind all her life. The affliction was probably congenital and she had not developed mentally beyond the age of seven or eight years and was obviously in this condition when she conveyed her Wilcox County lands, about 220 acres, to A. B. Powell, Stallworth's grantor. This fact was established by the testimony of three physicians of many years' experience in the practice of their professsion, one of them, Dr. Bondurant, of Mobile, having been a nerve specialist and neuro-psychiatrist for more than 50 years.

■ The other two physicians because of their study, observation and experience in the general medical practice had acquired knowledge of diseases and disorders of the brain not possessed by one not so experienced, and are also regarded in law as expert witnesses on the question of the subject's sanity. Towles v. Pettus, 244 Ala. 192(2), 12 So.2d 357; Rhodes v. State, 232 Ala. 509, 168 So. 869; White v. State, 237 Ala. 610, 188 So. 388; Porter v. State, 140 Ala. 87, 37 So. 81.

■ The opinions of these professional men should be accorded greater weight than that of a non-expert witness. McCurry v. Hooper, 12 Ala. 823, 46 Am.Dec. 280; Rhodes v. State, supra, 232 Ala. 509(4), 168 So. 869; 22 C.J. 668, § 759.

There were also lay witnesses who by acquaintance and association with Miss Ward were qualified to express an opinion of her mental status when she executed the conveyance (Towles v. Pettus, supra; Peters v. State, 240 Ala. 531, 200 So. 404) and their testimony supported the opinions of the expert witnesses and was to the effect that she was feeble-minded and incapable of reasonably appraising or understanding the nature and effect of such a transaction and that this mental condition was obvious to any one who might converse with her.

■ The grantee, Powell, knew and had conversations with his grantor before and at the time of the transaction in which she purported to deed him the 220 acres of land and, according to the testimony of the aforementioned witnesses, her mental incapacity should have been so manifest as to put him on notice and to make him forswear his purpose to purchase her property. The trial court was likewise so impressed and so held. The evidence is rather persuasive to our minds to the same effect and in view of the favorable presumption attending the conclusion of the trial court on such a disputed issue of fact that ruling is affirmed. 2 Ala.Dig., Appeal and Error, ☞ 1008(3), 1009(3).

■ A Florida court of competent jurisdiction had, when the deed was given, recently adjudicated Miss Ward to be sane and competent to transact business and Powell doubtless relied on this adjudication as conclusive protection against the invalidation of the deed. But, as pointed out in the first Stallworth case, supra, "if he had notice of her mental condition and that

she was non compos mentis at the time she executed the deed, notwithstanding the Florida decree, and before his purchase was closed, his deed is void." 243 Ala. 657(14), 11 So.2d 378.

Nor did his grantee, Stallworth, though uninformed of Miss Ward's mental condition and placing full reliance on the unimpeachable character of the Florida decree, receive any better title. The latter deed was also ineffectual to convey title and the decree of the trial court must be affirmed in so holding. Ward v. Stallworth, supra; Hood v. Holligan, supra; Livingston v. Livingston, 210 Ala. 420, 98 So. 281.

For cases declaring the general principle, the following, in addition to the ones already noted, are sustentive. Dougherty v. Powe, 127 Ala. 577, 30 So. 524; Wilkinson v. Wilkinson, 129 Ala. 279, 30 So. 578; Galloway v. Hendon, 131 Ala. 280, 31 So. 603; Lewis v. Alston, 176 Ala. 271, 58 So. 278; Spence v. Spence, 239 Ala. 480, 195 So. 717.

We are in a court of equity, however, and the question of restitution should be considered. Miss Ward is now dead and the cause was revived in the name of her administrator. All persons claiming an interest in her estate have been brought in as parties for the purpose of determining their respective claims. Stallworth was brought in as a party before her death, pending the final settlement of the guardianship. Formality of pleading, as is required in other equity proceedings, is not so important in the circumstances of this case and seemingly was conceded by the draftsmen of the pleadings. The overall purpose is to adjust the equities and make proper distribution of the assets of the estate. In dispensing such equity, restitution should not be overlooked if possible to accomplish without injury to some other. The consideration of the Powell deed was not so greatly disproportionate to the real value of the land as to indicate fraud on his part. It was, in reality, Stallworth's money which was paid to Miss Ward by Powell. Stallworth we think was unaware of her condition. He did not know her, had never seen her, and apparently placed full reliance in the Florida decree declaring her sane a few months before the deed to Powell as absolute protection to his title. Doubtless most of the money he paid was dissipated by her, but the evidence indicates that some went into the purchase by Miss Ward of certain properties she subsequently sold and that the proceeds of such sales are still intact and held by one of the heirs awaiting the orders of the court. Such funds and any others remaining of the Stallworth money which Miss Ward received, if discoverable, should in equity be restored to him. It would be inequitable that the heirs, some of whom had at other times both before and after the Powell deed required or encouraged their sister to execute other conveyances not in the least questioned, should inherit the lands, meanwhile retaining the money which Stallworth, in good faith, paid.

Appellant has argued for his protection under § 41, Title 9, Code 1940, but because of Powell's knowledge of Miss Ward's incapacity when he received his deed, the court correctly denied appellant such relief. We are in disagreement, however, with the court that no restitution is due Stallworth.

In connection with Code 1940, Title 9, §§ 41 and 42, this court, in speaking of the general rule that an insane person's contract is void, observed that a construction should not be adopted "[decreeing] an inequitable result between others." Metropolitan Life Ins. Co. v. Bramlett, supra, 224 Ala. 476(7), 140 So. 754.

The great purpose of the law in avoiding the contracts of insane persons is to protect those who are not capable of prudently managing their own business and cannot protect themselves. Gibson v. Soper, 6 Gray, Mass. 279, 66 Am.Dec. 414, cited and approvingly quoted in Ivey v. May, supra.

But this rule does not deny to a court of equity the power and duty of decreeing restitution where the circumstances of the case require it. It was so declared in Ivey v. May, supra, a case bearing strong similarity to the instant one and one which we regard as authoritative on the proposition. Metropolitan Life Ins. Co. v. Bramlett, supra, is somewhat analogous. See also

32 C.J. 748, § 540; 44 C.J.S., Insane Persons, § 120.

The phase of the decree, therefore, invalidating Stallworth's title to the lands and declaring the deed to Powell void is affirmed, but the order disallowing restitution is reversed and the cause remanded for disposition in conformity with the above stated views on the question.

Affirmed in part and in part reversed and remanded.

All the Justices concur.